CHAS. S. WOOD & COMPANY, INC., Appellant, Respondent, *v.* ALVORD & SWIFT, Respondent, Appellant.

First Department, June 24, 1931.

*George B. Greenough* of counsel [*Porter & Taylor,* attorneys], for the plaintiff.

*Francis X. Fallon* of counsel [*Fallon* and *Fallon,* attorneys], for the defendant.

TOWNLEY, J. James Stewart & Company were general contractors for the erection of the New York Central Building in accordance with the plans and specifications of the architects, Warren & Wetmore. They entered into a subcontract with Alvord & Swift, the defendant, for the installation of the heating and ventilating apparatus in the building. This contract included furnishing a non-conducting covering for the piping. Defendant, Alvord & Swift, then contracted with the plaintiff, Chas. S. Wood & Company, Inc., for the pipe covering.

Plaintiff brought this action to recover a balance claimed to be due under this contract. Defendant resists payment, claiming that plaintiff has failed to complete the work in that some 25,000 feet of radiator connections have not been covered and claims a recoupment or credit of the value of the work omitted. The radiator connections which plaintiff failed to cover were the exposed connections and the determination of the controversy here depends upon the construction to be given the following paragraph in the specifications: " All high pressure, reduced pressure, low pressure, high and low pressure drip piping, all concealed heating risers and radiator connections, steam return, drip and vapor piping shall be covered as hereinafter specified."

The plaintiff claims that the word " concealed " appearing in this clause in the specifications relates not only to " heating risers " but applies also to " radiator connections." The defendant, on the other hand, claims that it is limited, in its application to " heating risers " and that plaintiff was obliged to cover all radiator connections whether they were concealed or exposed. The question thus presented is plainly one involving interpretation of the specifications.

The contract between the defendant and James Stewart & Company contained the following provision: " 42. Architect's decision. The architects shall interpret the drawings and specifications and their decision as to the true intent and meaning thereof and the quality, quantity and sufficiency of the materials and workmanship furnished thereunder shall be accepted as final and conclusive." This clause was incorporated by reference into the contract between the plaintiff and the defendant. On request of plaintiffs for a ruling, the architects, Warren & Wetmore, wrote as follows: " In reply to your letter of the 18th inst. we advise you that the insulation work in connection with the heating and ventilating system as installed, is entirely satisfactory to us and conforms to the requirements of our plans and specifications." This interpretation of the specifications by the architects is controlling upon the parties in the absence of fraud or bad faith

(*Condict* v. *Onward Construction Company*, 210 N. Y. 88, 92.) There is nothing in the affidavits which attacks the decision of the architects or indicates any fraud or lack of good faith on their part in reaching the decision made by them. The defendant merely disagrees with the conclusion reached by the architects. Such a disagreement, however, presents no triable issue because by the contract the defendant submitted the determination of this very question to the architects and their conclusion on that subject is final.

No question of fact, therefore, was raised by the answering affidavits and summary judgment for the full amount should have been awarded.

The judgment and order should be modified by granting judgment as prayed for in the complaint with interest and costs, and as so modified affirmed, with costs to the plaintiff, appellant.

FINCH, P. J., MERRELL, O'MALLEY and SHERMAN, JJ., concur.

Judgment and order modified by granting judgment as prayed for in the complaint, with interest and costs, and as so modified affirmed, with costs to the plaintiff, appellant. Settle order on notice.