Marco D. Gnozzo, Individually and as a Stockholder of the Commercial Trust Company of Buffalo and on Behalf of All Other Persons Similarly Situated, Appellant, *v.* The Marine Trust Company of Buffalo, Respondent.

Fourth Department, December 27, 1939.

*Nevins & Nevins [Charles J. Margiotti* of counsel; *Joseph A. Nevins* with him on the brief], for the appellant.

*Kenefick, Cooke, Mitchell, Bass & Letchworth [James McC. Mitchell* of counsel; *Daniel J. Kenefick* and *Laurence R. Goodyear* with him on the brief], for the respondent.

Per Curiam. The defendant moved for summary judgment upon an affidavit executed by one of its officers which affidavit complied with the applicable provisions of rule 113 of the Rules of Civil Practice. Defendant's notice of motion required that the plaintiff serve his reply affidavits at least five days " before the hearing." The notice of motion was served at least ten days before the return date thereof as required by rule 64 of the Rules of Civil Practice.

No reply affidavits were served by the plaintiff. After the argument of the motion, the plaintiff attempted to serve a reply affidavit which the court refused to receive. Good cause for leave to serve it was not shown by the plaintiff as required by rule 64. Moreover the contents of the affidavit were hearsay. Affiants in affidavits used on a motion for summary judgment must speak with knowledge. (*Curry* v. *Mackenzie*, 239 N. Y. 267, 269.) The plaintiff claims that issues have been raised by the pleadings as matter of law which require their submission to a jury. In a motion of this character the allegations of a complaint cannot be accepted as proof of the facts therein alleged. (*White* v. *Merchants Despatch Trans. Co.*, 256 App. Div. 1044; Rules Civ. Prac. rule 113.) The agreements, the certificate of the New York State Banking Department, and the resolutions attached to and made a part of the answer and moving affidavit are binding on the plaintiff in the absence of a showing of fraud tending to impeach their validity. (*Assets Realization Co.* v. *Howard*, 211 N. Y. 430, 446; *Wood & Co., Inc.,* v. *Alvord & Swift*, 232 App. Div. 603; affd., 258 N. Y. 611.) The plaintiff has pleaded no facts upon which a charge of fraud could be predicated. Every pleading must contain a plain and concise statement of the material facts upon which the pleader relies. (Civ. Prac. Act, § 241.) The plaintiff should have stated the facts so that the court might see whether they were fraudulent or not. Characterization of acts as fraudulent is not sufficient. (*Knowles* v. *City of New York*, 176 N. Y. 430, 437.) There are no facts to sustain the charge that the account submitted by the defendant to the Banking Department is erroneous on its face in any particular. There is no proof tending to impeach the certificate issued by the Banking Department. The note in question was presumably given for a good consideration. (Neg. Inst. Law, art. 4, § 50.) Proof is lacking to overcome this presumption. We have examined all the points urged by the appellant, both in his brief and on the argument before us, and we find in them no answer to the case made by the defendant for summary judgment. We think, upon the undisputed facts, that the defendant was entitled to summary judgment dismissing the complaint and that the court below properly so ruled. The judgment appealed from should be affirmed, with costs.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and DOWLING, JJ.

Judgment affirmed, with costs.