SEGLIN-HARRISON CONSTRUCTION Co., INC., Appellant, et al., Claimants, *v.* STATE OF NEW YORK, Respondent. (Claim No. 23162.)

Third Department, March 8, 1944.

*Byrne, Jeram & Casey,* attorneys (*Joseph P. Keenan* of counsel), for claimant-appellant.

*Nathaniel L. Goldstein, Attorney-General (Burns F. Barford* of counsel), for respondent.

SCHENCK, J. This is an appeal by claimant, Seglin-Harrison Construction Co., Inc., from a decision and judgment of the Court of Claims dismissing upon the merits those items of the claim designated as items 10-c and 10-e and so much of item 10-f wherein the court fails to allow damages in excess of $15,537.87.

The contract involved was in the usual form of State building contract and provided for the construction of twenty-four buildings comprising the State School for Mental Defectives at Amenia, Dutchess County, New York. With one exception all of these buildings were constructed of poured concrete. The buildings were large, low structures which after completion housed nearly 6,000 patients and attendants.

Item 10-c of the claim seeks damages for extra work and material required in repairing cracks in cement floors upon which linoleum was to be laid. It is the contention of claimant that the cracking was due to defective design, the plans calling

for rooms with extensive floor areas of cement slab and topping, with no provision for expansion and contraction. It was clearly established by the proof that the contract made no provision for joints to compensate for expansion and contraction of the slab or topping and that appellant called this to the attention of the State before any work was done. The floors did crack and the contractor, over its protest, was required to make such repairs as would put these floors in proper condition to receive the floor covering. The court denied recovery on the theory that claimant failed to lay the topping according to the specifications. The evidence is to the contrary. There is ample proof that in applying the topping claimant conformed to the contract requirements and no evidence was given to the contrary. The cause of the cracking is substantiated not only by the testimony of claimant's witnesses but also by the State's letter wherein the cracks are described as "shrinkage cracks in the finished cement floors." The cost of the extra labor and material made necessary through failure of the finished floors previously constructed in accordance with the plans and specifications, amounting to $3,211.95, is not controverted and this item of the claim should be allowed.

Item 10-e involves the installation of reinforcing steel in basement walls. As to whether or not claimant suffered damage on this item depends upon whether the contract documents called for this steel to be placed in walls between footings and grade and if the contract was not clear on this point, whether a valid interpretation was made by the proper State officials in favor of the contractor's contention that such steel was not required. From the record it appears that the evidence is preponderantly in favor of claimant's contention. The contract provides that the architect shall make decisions on all claims of the contractor relating to "interpretation of the contract documents and his decision shall be final."

Previous to commencing the work of installing reinforcing steel, the contractor called the State's attention to the fact that the plans did not call for such installation. The State's chief inspector, to whose attention this matter was called, agreed that the plans did not show steel as being required between the footings and the first floor level. A few days thereafter the chief engineer of the Department of Public Works, who by operation of law had succeeded to the authority of the architect, having had the question submitted to him by the contractor, advised the contractor, in writing, to "please install the work as shown on the contract drawings. No change in this

part of your contract is contemplated '', obviously meaning that steel was not required. About ten days later, the chief engineer reiterated his ruling that additional reinforcement would not be required. Later he appears to have reversed this ruling and required the contractor to install the steel, claiming that the specifications and typical detailed drawings called for this reinforcing material.

The State failed to produce any evidence to show where on the plans or in the specifications the dimensions of the reinforcements are given. In the circumstances there was no contract requirement for placing this reinforcing material in the walls. Patently, the contract is ambiguous as to this item of work and pursuant to the provisions thereof, the question having been submitted to the proper State official for determination, his ruling, once made, was valid and binding on the parties. (*Wood & Co., Inc.,* v. *Alvord & Swift,* 232 App. Div. 603, affd. 258 N. Y. 611; *Armstrong Co.* v. *State of New York,* 111 Misc. 297.)

The Court of Claims has found that the quantity of this material installed was 111,428 pounds, holding, however, that claimant suffered no damage thereby. There was competent proof that the fair and reasonable cost of the steel in place was ten cents per pound, and to that extent, plus five per cent for overhead and ten per cent for profit, the contractor was damaged. The total of this item being $12,869.93, that amount should be allowed.

Item 10-f involves the sufficiency of the damages awarded by the Court of Claims for the extra work of roughing the exterior walls to receive the final surfacing. The court awarded for this item $15,537.87. I believe this amount was proper and that as to this item the judgment should be affirmed.

The judgment should be modified accordingly and as so modified affirmed, with costs to the appellant.

BLISS and HEFFERNAN, JJ., concur; HILL, P. J., dissents as to the sum of $12,869.93 with interest thereon, allowed under item 10-e, but concurs in all other respects.

Judgment modified on the law and the facts in accordance with opinion, to provide as follows:

'' Ordered and Adjudged that the claimant Seglin-Harrison Construction Co., Inc., recover of the defendant, the State of New York, the sum of Fifty Thousand Three Hundred Nineteen Dollars and seventy-seven cents ($50,319.77) with interest from March 10, 1931 to April 1, 1943, the date of the judgment heretofore entered, to wit: Thirty-two Thousand Eight Hundred Seventy-four dollars and sixteen cents ($32,874.16), making a

total of Eighty-three Thousand One Hundred Ninety-three dollars and ninety-three cents ($83,193.93), in full settlement of said claim; and it is further

" Ordered and Adjudged that said judgment be and it hereby is in all other respects affirmed."

The court reverses the following findings in the decision of the Court of Claims: Findings Nos. " 36 ", " 37 ", " 38 ", " 39 ", and " 40 " and also reverses the following of the State's Proposed Findings: Nos. " 12 ", " 13 ", " 14 ", " 15 ", " 18 ", " 19 ", " 20 ", " 21 ", " 22 ", and " 23 " and likewise reverses the refusal of the Court of Claims to find Claimant's Proposed Findings and so finds the following: Nos. " 36 ", " 37 " and " 38 ".

The court also reverses the following findings in the decision of the Court of Claims: Nos. " 62 ", " 64 ", " 65 ", " 66 ", " 67 ", " 68 ", " 69 " and " 70 " and reverses the State's Proposed Findings Nos. " 48 ", " 50 ", " 51 ", " 52 ", " 53 ", " 54 ", " 55 ", " 56 ", " 57 ", and " 58 " and reverses the refusal of the Court of Claims to find, and so finds Claimant's Proposed Findings Nos. " 64 ", " 65 ", and " 69 " and modifies Claimant's Proposed Findings No. " 70 " by substituting therein " 111,428 pounds " in place of " 145,360 pounds " and " $12,869.93 " in the place of " $16,789.08." [See *post,* p. 926.]