■ TUFANO CONTRACTING CORP., Appellant-Respondent, v. PORT OF NEW YORK AUTHORITY, Respondent-Appellant.— In an action upon a construction contract between plaintiff (a contractor) and defendant, to recover compensation computed at a rate higher than that which was determined by defendant's engineer (as arbitrator under the contract) to be applicable to the work done thereunder by plaintiff pursuant to defendant's "change order", the parties cross-appeal as follows from an order of the Supreme Court, Queens County, dated October 19, 1962: (1) Plaintiff appeals from so much of said order as denied its motion, *inter alia*, for partial summary judgment. (2) Defendant appeals from so much of said order as denied its motion for summary judgment dismissing the complaint. Order modified as follows: (a) by striking out its second decretal paragraph denying defendant's application for summary judgment; and (b) by substituting therefor a provision granting defendant's said motion. As so modified, order, insofar as appealed from, affirmed, with $10 costs and disbursements to defendant. Both parties concede that the terms of the contract in suit are free from ambiguity. Under the circumstances, its construction was primarily a question of law for the court, and not for the trier of fact, to determine (*Lachs* v. *Fidelity & Cas. Co. of N. Y.*, 306 N. Y. 357, 364). In the absence of fraud, bad faith or palpable mistake, the decision of the defendant's engineer was conclusive and binding upon the plaintiff contractor (*Wood & Co.* v. *Alvord & Swift*, 232 App. Div. 603, affd. 258 N. Y. 611; *Dowd* v. *State of New York*, 239 App. Div. 141). We cannot substitute our judgment for that of the engineer, who determined that the changed work (which was far more costly than that originally contemplated) should be paid for on a "cost-plus" basis. Plaintiff cannot complain that on such a basis it will be entitled to less compensation. Since a reasonable basis existed for the engineer's determination, his determination was controlling upon the parties. The affidavits are devoid of any showing of "bad faith" and present no triable issue. Beldock, P. J., Kleinfeld, Christ, Hill and Hopkins, JJ., concur.

■ ANN T. WARREN et al., Respondents, v. LYDIA BASEL, as Administratrix of the Estate of DOMINICK LIZZO, Deceased, Appellant.— In a negligence action to recover damages for injury to person and property and for loss of services and medical expenses, the defendant appeals from a judgment of the Supreme Court, Nassau County, entered May 15, 1962 upon a jury's verdict after trial, in favor of the plaintiffs. Judgment affirmed, with costs. Under the circumstances disclosed by the record, the trial court properly refused, at the close of plaintiffs' case, to postpone the trial to enable the defendant to produce the examining physician. The defendant failed to show diligence in procuring the attendance of such witness at the trial. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.