■ HELMER-CRONIN CONSTRUCTION, INC., Respondent, v CENTRAL SCHOOL DISTRICT NO. 1, TOWNS OF NEVERSINK, FALLSBURG, LIBERTY, SULLIVAN COUNTY AND TOWNS OF DENNING, WAWARSING AND ROCHESTER, ULSTER COUNTY, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered June 25, 1975 in Ulster County, which denied defendant's motion to dismiss the first and second causes of action contained in the complaint. Plaintiff (hereinafter Helmer) and defendant school district (hereinafter Tri-Valley) entered into a contract whereby Helmer agreed to construct a new elementary school for Tri-Valley. A dispute arose during the course of construction between Helmer and the architect as to whether material excavated at the construction site was satisfactory, or whether off-site material was required, for use as backfill. The architect decided that the excavated material was suitable and disapproved the use of any off-site material as backfill. Helmer disagreed with the architect and proceeded to use at least some off-site fill despite the architect's disapproval. Tri-Valley refused to pay for the off-site fill, whereupon this action was commenced to recover moneys allegedly due for such material. On this appeal Tri-Valley seeks only the dismissal of the first cause of action presumably on the ground that a defense is founded upon documentary evidence (CPLR 3211, subd [a], par 1). Under the terms of the construction agreement the architect is made the interpreter of the contract and he is authorized to make all determinations regarding the acceptability of work and materials provided under the contract. The contractor, Helmer, is required to provide all necessary materials, and must guarantee the materials against defects for one year following the issuance of a final certificate by the architect. Specific provision is made in the contract that "Fill and backfill material may be that material from the excavation if it is approved by the architect and meets compaction requirements herein specified". It is well settled that any decision of the architect which was within his province to make, absent a showing of fraud, bad faith, or palpable mistake, is conclusive and binding *(Joseph Davis, Inc. v Merritt-Chapman & Scott Corp.,* 27 AD2d 114, affd following remand 30 AD2d 765, affd 23 NY2d 872; *Tufano Contr. Corp. v Port of N. Y. Auth.,* 18 AD2d 1001, affd 13 NY2d 848). The contract before us, however, provides not only that on-site material may be used as backfill if approved by the architect, but its use is further conditioned on the material meeting specified compaction requirements. Thus, it becomes evident in the present case that the parties intended to withhold from the architect the absolute power to determine the suitability of on-site fill. There is evidence in the record that the on-site fill did not meet the specified compaction requirements; that after analysis of the material by a testing company selected by the architect, the company recommended that the on-site material not be used as backfill; that an independent laboratory retained by respondent supported this conclusion. On this record, we cannot say that a finding of bad faith or palpable mistake on the part of the architect in his disapproval of the off-site material could not be sustained, as a matter of law. We conclude, therefore, that Special Term properly denied the motion for dismissal of the first cause of action. Order affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.