■ DIESEL CONSTRUCTION COMPANY, Respondent, v CHASE MANHATTAN MORTGAGE AND REALTY TRUST, Appellant.—Order, Supreme Court, New York County, entered in the office of the clerk on July 1, 1976, denying defendant-appellant's cross motion for summary judgment dismissing the action pursuant to CPLR 3212, unanimously reversed, insofar as appealed from, on the law, and summary judgment granted to defendant dismissing the action on the merits. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Appeal from order of the Supreme Court, New York County, entered in the office of the clerk on July 29, 1976, providing that the first order of July 1, 1976 construing the instrument herein was not intended to be and is not the law of the case and affording

plaintiff-respondent the opportunity to conduct discovery to aid in ascertaining the intent of the parties with regard to the instrument, is unanimously dismissed as nonappealable, without costs and without disbursements. The observation by Special Term in its order of July 1, 1976 that "The instrument sued on is not a guarantee of payment but an agreement to allocate fixed sums out of future moneys due on a building loan agreement to the plaintiff contractor" was correct. No provision in the instrument (the letter agreement of Dec. 11, 1974) could be construed as a guarantee, as plaintiff contends. The said letter was merely an "undertaking to bypass the owner in transmitting certain payments to the contractor" and was in accord with provisions to that effect in the building loan agreement between defendant and the developer of the construction project. The proposed allocation of funds was viable only during the life of the loan agreement and could not by any construction survive that agreement's termination, which the record clearly establishes had occurred. The terms of the letter were clear, and unambiguous. In the circumstances its construction was properly a question of law for the court. "We concern ourselves with what the parties intended, but only to the extent that they evidenced what they intended by what they wrote [citations omitted]." *(Raleigh Assoc. v Henry,* 302 NY 467, 473.) Hence, recourse to parol evidence as to the intent of the respective parties would not be proper. The fact that the parties disputed its meaning is irrelevant. *(Rodolitz v Neptune Paper Prods.,* 22 NY2d 383, 387; *Tufano Contr. Corp. v Port of New York Auth.,* 18 AD2d 1001; *Bethlehem Steel Co. v Turner Constr. Co.,* 2 NY2d 456; *Brainard v New York Cent. R. R. Co.,* 242 NY 125, 133-134; *Raleigh Assoc. v Henry, supra.)* Inasmuch as the order of July 29, 1976 was based upon an application for reargument, the appeal from that order is dismissed as nonappealable. Concur—Lupiano, J. P., Birns, Silverman and Capozzoli, JJ.