■ ARDSLEY CONSTRUCTION Co., INC., et al., Respondents-Appellants, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant-Respondent.— Judgment, Supreme Court, New York County, entered August 1, 1979, in favor of plaintiffs in the total amount of $139,633.24, unanimously reversed, on the law, without costs and without disbursements, and plaintiff's complaint dismissed. Plaintiffs' cross appeal dismissed as abandoned, without costs and without disbursements. On May 24, 1965, plaintiffs entered into a contract with defendant-appellant, the Port Authority of New York and New Jersey, to perform structural roadway repairs on the Outerbridge Crossing. The general contract between these parties designated defendant's engineer as the arbiter of all questions arising under this contract. Clause 17 provides: "the Engineer * * * shall interpret the Contract Drawings, Specifications, and any Extra Orders, and shall decide all other questions in connection with the Contract." Plaintiffs subsequently entered into a written agreement with one of its subcontractors, Fairmount Fabricators, to replace steel expansion joints in the bridge, known as expansion dams. This subcontract incorporated all terms and conditions of the general contract. The subcontractor was required to "field fabricate" the expansion joints. However, as the work progressed, Fairmount petitioned and received from defendant permission to "shop fabricate" these units. This latter procedure proved impractical and Fairmount had to revert to the original method employed. At the conclusion of the work, the subcontractor presented two claims to plaintiffs who forwarded these to defendant. In support of these claims plaintiffs asserted the filed conditions differed from those represented by the contract resulting in cost overruns. Defendant maintained the conditions encountered may have occurred during welding operations and the problem was due to inadequate field measurements. Pursuant to the provisions of the general contract, these claims were referred to defendant's chief engineer. On June 13, 1967, the chief engineer rendered his decision sustaining plaintiffs' first claim as work required by the contract. However, the second claim, the subject of this appeal, was disallowed. The engineer concluded the conditions encountered "are what could be reasonably expected and provided for" and the problem found its germination in plaintiffs' failure to conduct accurate measurements. In this court plaintiffs argue that defendant fraudulently failed to disclose the accurate conditions of the roadway. We find this argument unpersuasive. Plaintiffs have failed to consider the ramifications of the findings of defendant's chief engineer. In the absence of fraud, bad faith or palpable mistake on the part of the chief engineer, his decision was final as a matter of law (Tufano Contr. Corp. v Port of New York Auth., 18 AD2d 1001, affd 13 NY2d 848). Other courts throughout the State have considered this question and are unanimous in their determination that the decision of the engineer/arbiter is conclusive and binding upon the plaintiffs (Tufano Contr. Corp. v Port of New York Auth., supra; Helmer-Cronin Constr. v Central School Dist. No. 1, 51 AD2d 1085; Savin Bros. v State of New York, 62 AD2d 511). Prior to any

determination on the merits, plaintiffs must overcome this threshold problem. The pleadings before us, however, are devoid of any allegation of bad faith, fraud or palpable error in the engineer's determination. Thus, no triable issue was presented. Nor does plaintiffs' mere disagreement with the conclusion reached rise to a level of bad faith. *(Wood & Co. v Alvord & Swift,* 232 App Div 603). Additionally, were we not dismissing plaintiffs' complaint, we would reverse and remand for a new trial due to errors in the court's charge. Concur—Sullivan, J. P., Ross, Markewich, Lupiano and Carro, JJ. [99 Misc 2d 945.]