In the Matter of the Arbitration between AMERICAN RAIL & STEEL Co., Appellant, and INDIA SUPPLY MISSION (GOVERNMENT OF INDIA), Respondent.

Argued February 22, 1955; decided June 9, 1955.

*Louis Urow, Milton E. Canter* and *Irving Galt* for appellant. I. There is no agreement to arbitrate enforcible against appellant. II. The contract does not by its terms incorporate the form. (*Matter of Riverdale Fabrics Corp.* [*Tillinghast-Stiles Co.*], 306 N. Y. 288; *Matter of General Silk Importing Co.* v. *Gerseta Corp.*, 234 N. Y. 513.) III. The parties did not intend the form to be incorporated in the contract. (*Matter of James Talcott, Inc.* [*Wertheimer*], 284 App. Div. 248; *Matter of Pavia & Co.* v. *Fulton Co. Silk Mills*, 284 App. Div. 391.) IV. Respond-

ent is estopped from contending that the form is part of the contract. V. The case of *Matter of Level Export Corp. (Wolz, Aiken & Co.)* (305 N. Y. 82) is distinguishable. (*Matter of Riverdale Fabrics Corp.* [*Tillinghast-Stiles Co.*], 306 N. Y. 288.) VI. The case of *Matter of Riverdale Fabrics Corp. (Tillinghast-Stiles Co.)* (306 N. Y. 288) governs. (*Weiner* v. *Mercury Artists Corp.*, 284 App. Div. 108.) VII. The claim set forth in the demand for arbitration does not present an arbitrable dispute. VIII. There is no arbitrable dispute since the warranty clause whose alleged breach constitutes the dispute did not apply to the contract. IX. There is no arbitrable dispute since the warranty clause upon which the alleged dispute is founded expired prior to its invocation by respondent. (*Matter of Kallus* [*Ideal Novelty & Toy Co.*], 292 N. Y. 459; *Alpert* v. *Admiration Knitwear Co.*, 304 N. Y. 1; *Matter of International Assn. of Machinists* [*Cutler-Hammer, Inc.*], 271 App. Div. 917, 297 N. Y. 519; *Matter of Wenger & Co.* v. *Propper Silk Hosiery Mills*, 239 N. Y. 202; *Matter of Essenson* v. *Upper Queens Med. Group*, 307 N. Y. 68; *Matter of Brookside Mills* [*Raybrook Textile Corp.*], 276 App. Div. 357; *Matter of River Brand Rice Mills* v. *Latrobe Brewing Co.*, 305 N. Y. 36; *Jessel* v. *Lockwood Textile Corp.*, 276 App. Div. 378; *South & Central Amer. Commercial Co.* v. *Panama R. R. Co.*, 237 N. Y. 287; *Matter of Kramer & Uchitelle*, 288 N. Y. 467; *Matter of Broadway-40th St. Corp.* [*Manhattan Co.*], 296 N. Y. 165.) X. Respondent's claim is barred by laches. XI. *Matter of Unsinn* v. *Republique Francaise* (281 App. Div. 738) is distinguishable.

*Howard Hilton Spellman* and *Daniel R. Pino* for respondent. I. Appellant's contention that an enforcible arbitration agreement between the parties does not exist is untenable as a matter of law and is not supported by the facts. (*Matter of Level Export Corp.* [*Wolz, Aiken & Co.*], 280 App. Div. 211, 305 N. Y. 82; *Matter of Riverdale Fabrics Corp* [*Tillinghast-Stiles Co.*], 306 N. Y. 288; *Metzger* v. *Ætna Ins. Co.*, 227 N. Y. 411; *Madawick Contr. Co.* v. *Travelers Ins. Co.*, 307 N. Y. 111.) II. Appellant's contention that expiration of the warranty deprived respondent of the contract right of arbitration is contrary to law and fact. (*Matter of Unsinn* v. *Republique Francaise*, 281 App. Div. 738.)

Dye, J. The issue here is whether a contract for the purchase and sale of a quantity of used steel rails and angle bars bound the parties to settle disputes arising therefrom exclusively by arbitration. Whether it did or not depends on purchase order language providing viz.: " This Contract is placed in accordance with the conditions of contract Form ISM 826 Rev. Copy attached and can be modified or supplemented only in writing and signed by both parties hereto."

Paragraph 25 of the afore-mentioned form provided: " ARBITRATION: All questions and controversies arising in connection with this contract shall be submitted to arbitration in New York, N. Y., in accordance with the rules of arbitration of the American Arbitration Association."

When a dispute arose as to whether the used rails delivered corresponded in quantity and quality to those called for in the purchase order, the purchaser demanded that it be settled by arbitration. The seller then made the within motion for a stay claiming that arbitration was not called for by the contract documents since the purchase order did not mention it and that Form ISM 826 Rev., on which the purchaser relies, was not attached or that its contents were otherwise brought to the seller's attention. While respondent attempts to deny this assertion by saying that it was their practice to attach said form, it, nonetheless, takes the position that its omission " does not change the situation ". The motion for stay was denied in Special Term on authority of *Matter of Level Export Corp.* (*Wolz, Aiken & Co.*) (305 N. Y. 82, revg. 280 App. Div. 211). Upon appeal, such denial was unanimously affirmed in the Appellate Division, First Department, and the parties were directed to proceed to arbitration. We granted leave in order that the controversy might be examined in light of our subsequent decision in *Matter of Riverdale Fabrics Corp.* (*Tillinghast-Stiles Co.*) (306 N. Y. 288). That case dealt with a salesnote for cotton yarn containing a clause reading " This contract is also subject to the Cotton Yarn Rules of 1938 as amended ". Rule 31 of those rules contained an arbitration clause. We deemed such reference was ineffective " to render arbitration the exclusive remedy ", because the intention to do so was not clearly expressed. This distinguished the holding in the *Level* case (*supra*) for there the verbatim reference in the main contract to

the salesnote provision did not, as a matter of law, raise any substantial issue as to the making of the agreement to arbitrate (Civ. Prac. Act, § 1458, subd. 2). In our view this case more closely resembles *Riverdale* (*supra*) than *Level* and, accordingly, a court cannot say that the intent to arbitrate was so clearly expressed as to warrant a direction that parties proceed to settle their dispute by arbitration.

The order should be reversed and the motion to stay arbitration granted, with costs.

The order of the Appellate Division and that of Special Term should be reversed, with costs in all courts, and the matter remitted to Special Term for further proceedings in accordance with the opinion herein.

CONWAY, Ch. J., DESMOND, FULD, FROESSEL, VAN VOORHIS and BURKE, JJ., concur.

Orders reversed, etc.