William C. Hecht, Jr., J.
This motion, to vacate a demand for arbitration and stay all proceedings thereunder, presents a question as to whether the parties entered into an agreement providing for arbitration. Since the dealings between the parties were all embodied in written documents and do not include oral conversations, the question to be determined is one of law. There is reference in the moving affidavit to an “ oral arrangement ” pursuant to which the movant issued its purchase order, but nothing is said as to what the oral agreement was and no claim is made that a contract had been entered into orally.
The movant’s purchase order contained no arbitration clause. Respondent’s reply, within five days from receipt of the order, that it would send ‘ ‘ formal confirmation ’ ’ as soon as it received confirmation from its supplier regarding the latter’s ability to comply with the order, did not constitute a rejection of the offer contained in the purchase order (1 Williston on Contracts [Rev. ed.], § 51, p. 146; 1 Clark on N. Y. Law of Contracts, § 30). Thereafter, respondent sent the movant an acknowledgment of the latter’s order, accompanied by its letter stating that “ enclosed is our formal acknowledgment of your order No. 1892 which you recently placed with us ”. The letter added that respondent was ready to start making shipments as soon as it received word from the G-overnment that movant had a permit to receive the material, and that respondent would do everything it could to get some material off to the movant as soon as possible. The face of the acknowledgment contains no provision for arbitration, but there was such a provision on the reverse side of the acknowledgment. The only references on the face of the acknowledgment to the terms and conditions on the reverse side were two statements at the bottom, preceded by boxes, neither of which had been checked. One statement was applicable if the order had been given to respondent’s home office, and the other if the order had been given to a branch office of respondent. By failing to insert a check mark in either of the boxes and by, instead, sending a letter characterizing the enclosed document as “ our acknowledgment of your order No. 1892 ”, respondent accepted the purchase order according to its terms, which did not include an arbitration provision. The statements on the reverse side of the acknowledgment, in *549 the circumstances presented, did not become part of the document and therefore, did not constitute a counter offer.
Furthermore, even if it be assumed that the statements on the face of the acknowledgment had the effect of making the terms and conditions on the other side thereof part of the document, that conclusion would not apply to the arbitration clause (Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.], 306 N. Y. 288; Matter of American Rail & Steel Co. [India Supply Mission], 308 N. Y. 577). In the cited cases, statements that the contracts were subject to terms and conditions not incorporated in the contractual document which statements, however, did not make it clear that the terms and conditions included an arbitration provision, were held ineffectual to make the arbitration clauses part of the contracts. In Matter of American Rail & Steel Co. (supra) the claim of the respondent that the terms and conditions were contained in a document attached to the contract (p. 579) was not deemed to require a different conclusion.
In other words, the arbitration clause did not become part of the contract between the parties to the instant proceeding for two reasons: (1) instead of checking one of the boxes preceding the statements referring to the terms and conditions on the reverse side, respondent sent an accompanying letter referring to the document, in effect, as an acceptance of the movant’s order (rather than as a counter offer) and (2) the references on the face of the document to the terms and conditions on the other side did not apprise the movant that the terms and conditions included a provision for arbitration of all disputes.
Motion granted.