In the Matter of the Arbitration between WACHUSETT SPINNING MILLS, INC., et al., Appellants, and BLUE BIRD SILK MANUFACTURING Co., INC., Respondent.

First Department, March 17, 1959.

*Donald L. Kreindler* of counsel (*Edwin M. Otterbourg, Aaron Rosen, Melvin Liebowitz* with him on the brief; *Otterbourg, Steindler, Houston & Rosen*, attorneys), for Wachusett Spinning Mills and another, appellants.

*Seymour H. Kligler* of counsel (*Michael L. Goldstein* with him on the brief; *Herman Goldman*, attorney), for respondent.

RABIN, J. After oral negotiations, respondent Blue Bird Silk Manufacturing Co., Inc., forwarded to petitioners four purchase orders calling for the spinning of certain woolen. yarns. Each order contained an arbitration clause. While these orders were in course acknowledged, petitioner Wachusett Spinning Mills, Inc., thereafter forwarded to Blue Bird, for each order, a document entitled " Confirmation of Accepted Order ". In addition to the foregoing caption, the confirmations referred to each purchase order by its specific number and also contained the following statement: " We have accepted your order subject to credit approval by our Factors, as follows ". The confirmations contained some provisions not set forth in the Blue Bird orders, including one which stated that Massachusetts law would govern. However, they contained no express provision for arbitration. These confirmations were accepted by Blue Bird.

A dispute having arisen under the contracts, Blue Bird initiated this arbitration proceeding. Petitioners moved to stay the proceeding, contending there was no agreement for arbitration. This appeal is from the denial of that motion.

In order to ascertain whether the parties agreed to arbitration under the terms of their contracts it must first be determined what constituted those contracts. Respondent Blue Bird contends that the acknowledgments indorsed by petitioners on the purchase orders containing the arbitration clause resulted in making those orders the contracts between the parties. In addition it argues that in any event the confirmations, later forwarded by petitioner Wachusett, adopted and incorporated by reference, the purchase orders thereby making them an integral part of the contracts. Petitioners take a different view and contend that the confirmations, when accepted by Blue Bird, constituted the sole and entire contract and since they contained no arbitration clause, that remedy is not available.

The position of the petitioners might be sound if the confirmation orders made no reference to the original orders containing the arbitration clause. On the contrary however, the confirmation orders were in such form as to show an intent to incorporate all the terms of the original orders — except, of course, as to specific changes stated. That seems evident, for the confirmation orders, (1) were captioned " Confirmation of Accepted Order ", (2) specifically referred to each order by number and (3) included the statement that " We have accepted your order subject to credit approval by our Factors, as follows ". These facts point up the distinction between the

present case and *Matter of Albrecht Chem. Co.* [*Anderson Trading Corp.*], (298 N. Y. 437) where an entirely independent order was sent to the offeror without reference to, or incorporation of, the original offer. In contrast to the *Albrecht* case is *Matter of Fields* v. *American Hydrotherm Corp.* (5 A D 2d 647) where on facts quite analogous to those of the present case we held that where a purchase order was made '' as per quotation,'' the effect was to incorporate the '' quotation '' containing the arbitration clause.

In our view the contracts consisted not only of the '' confirmations '' and their acceptance, but also the acknowledged purchase orders referred to and adopted in the confirmations. Accordingly we reach the conclusion that the parties intended to and did agree to submit any subsequent dispute to arbitration.

Petitioners urge however that the fact that the confirmations contained a provision that Massachusetts law would govern, negates an intention to arbitrate. This contention might have some weight if this provision were in any way inconsistent with the arbitration clause in the purchase orders. We see no such inconsistency. Had both provisions been contained in a single document there clearly would be no question of inconsistency. Of course, if Massachusetts law did not recognize arbitration there might be some basis for petitioners' objection. However, since Massachusetts law does provide for arbitration procedure (Mass. Laws Ann., ch. 251) there is no reason why the parties could not agree to have that law govern rather than the New York law. We certainly would not hold an arbitration clause in a New York contract ineffective merely because it was provided that New York Law would govern.

While we hold, as did the Special Term, that there must be arbitration, we disagree with that portion of the order appealed from, which denies the motion for a stay as against the petitioner Fitchburg Spinners Sales Corp. On this record it seems clear, and we find, that the principals to the contracts were Blue Bird on the one hand and Wachusett on the other. The name of Fitchburg Spinners Sales Corp. does not appear on the confirmations, which we hold were an essential part of the contracts. The fact that its typewritten name was included on two of the acknowledgments and also the fact that it sent out invoices cannot serve to make it a party to the contracts. At best it seems that Fitchburg Spinners was nothing more than a factor.

The order should be modified to the extent of staying the proceeding as to Fitchburg Spinners Sales Corp. and as thus

modified affirmed, with $20 costs and disbursements to respondent, against petitioner-appellant Wachusett Spinning Mills, Inc.

VALENTE, J. (dissenting). I would reverse the order and grant the motion to stay the arbitration in its entirety. The record ineluctably demonstrates the absence of a contract to arbitrate. While the purchase orders sent by respondent contained arbitration clauses, they did not become the contracts between the parties. The signing of the stubs attached to the purchase orders did not constitute an acceptance of such purchase orders or the arbitration clauses therein contained. Rather, it was the confirmations of the orders sent by appellant Wachusett, which were signed by respondent, which became the binding contracts between the parties. These confirmations were complete as to terms and conditions, but they did not contain arbitration clauses.

There was lacking here the clear language required by law to incorporate by reference, in the final agreement of the parties, the arbitration clauses of the purchase orders. Parties may not be required to arbitrate unless it is clear that they intended to render arbitration the exclusive remedy. (*Matter of American Rail & Steel Co. [India Supply Mission*], 308 N. Y. 577; *Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.*], 306 N. Y. 288; *Matter of Albrecht Chem. Co. [Anderson Trading Corp.*], 298 N. Y. 437; *Matter of Tanenbaum Textile Co.* v. *Schlanger,* 287 N. Y. 400.)

Any doubt in the instant case as to intent is completely dissipated by the provision in each of appellants' confirmations which declares that the contract was to be deemed '' a Massachusetts contract, and the laws of Massachusetts shall govern its validity, interpretation and performance ''. To compel arbitration here would nullify the apparent intent of these provisions, which contemplate legally correct adjustments of controversies in a judicial tribunal rather than the resolution of disputes in the less legally exacting arbitration forum.

When respondent signed the contracts which Wachusett forwarded to it, respondent in effect disaffirmed and annulled all the prior negotiations. It then agreed to be bound by Wachusett's contracts and all their terms and conditions — which did not include arbitration. We must give these contracts controlling significance. We may not impose an assent to arbitrate upon the mere basis of the return of the uncompleted acknowledgment stubs of the purchase orders.

In short, appellants did not by clear language ever agree to arbitration; and in the absence of such an unequivocal, expressed intention, arbitration should have been stayed.

M. M. FRANK and McNALLY, JJ., concur with RABIN, J. P.; VALENTE, J., dissents in opinion.

Order so far as appealed from modified to the extent of granting the motion to stay the proposed arbitration as to Fitchburg Spinners Sales Corp. and, as so modified, affirmed, with $20 costs and disbursements to respondent, against the petitioner-appellant Wachusett Spinning Mills, Inc.