CORBETTA CONSTRUCTION Co., INC., et al., Respondents-Appellants, *v.* GEORGE F. DRISCOLL COMPANY, Defendant-Appellant-Respondent and Third-Party Plaintiff-Appellant-Respondent; ALSTORES REALTY CORPORATION, Third-Party Defendant-Appellant-Respondent.

First Department, October 30, 1962.

*Frank A. Lyons* of counsel (*Harold D. Young* with him on the brief; *McMahon, Lyons & Allen,* attorneys), for respondents-appellants.

*Pallister Hamilton Feely* of counsel (*Carlin, Merriam, Feely & Donohue,* attorneys), for George F. Driscoll Company, appellant-respondent.

*George C. Kern, Jr.,* of counsel (*Stephen Rackow Kaye* with him on the brief; *Sullivan & Cromwell,* attorneys), for Alstores Realty Corporation, appellant-respondent.

RABIN, J. This dispute arises out of the construction of a large shopping center in Paramus, New Jersey. The third-party defendant, Alstores Realty Corp., was the owner of the shopping center, the defendant and third-party plaintiff, George F. Driscoll, was the general contractor and the plaintiffs Corbetta Construction Co., Inc., and Pavarini Construction Co., Inc., as joint venturers, were the concrete and cement subcontractors.

After the work on the shopping center commenced and as the job progressed Corbetta-Pavarini complained that, because of Driscoll's interference with the work schedule, they had been unduly delayed in performing their work, which delay resulted in extra costs to them. They made a claim for such additional costs to Driscoll who in turn referred the claim to the architect and Alstores. The claim was then the subject of discussion between the parties over an extended period of time but no settlement or adjustment thereof was ever achieved. Finally the instant action against Driscoll was commenced, the plaintiff in its first cause of action (we are only concerned with the first cause of action on this appeal) seeking a recovery of $373,024.31 for damages sustained by reason of the delay in the progress of the work. Driscoll, in turn, commenced a third-party action against Alstores, seeking indemnification from Alstores in the event Corbetta-Pavarini obtained a recovery against it.

Subsequently Alstores moved to stay both Corbetta-Pavarini and Driscoll from continuing with the former's suit and the latter's third-party action on the ground that the parties had agreed to arbitrate their claims and, therefore, could not resort to the courts. Not only did Alstores ask that the action be stayed pending arbitration but it also asked for more extensive relief. It was claimed by Alstores that inasmuch as Driscoll and Corbetta-Pavarini failed to bring an arbitration proceeding within the "reasonable time" provided for in the original agreement between it and Driscoll, arbitration was no longer available. Failing in obtaining a permanent stay of the arbitration by motion, Alstores sought a declaration that neither Corbetta-Pavarini nor Driscoll could now initiate arbitration.

Corbetta-Pavarini opposed Alstores' motion and urged its complete denial. Driscoll also sought a denial of the motion but asked that in the event its third-party action be stayed that the Corbetta-Pavarini action against it be likewise stayed.

Special Term stayed the lawsuit, subject to certain conditions, holding that Driscoll was obliged to arbitrate its third-party claim against Alstores and, while not holding that Corbetta-Paravini was obliged to arbitrate their claim against Driscoll, nevertheless stayed their suit as a matter of discretion. It also

denied Alstores' request for a permanent stay of arbitration, holding that it was for the arbitrators to decide whether the time limitation for arbitration had run.

The first question presented is whether Corbetta-Pavarini agreed to arbitrate their dispute with either Driscoll or Alstores or both.* A party may not be compelled to arbitrate unless he has agreed to do so in writing and such an agreement will not be spelled out by construction or implication (*Matter of American Rail & Steel Co.* [*India Supply Mission*], 308 N. Y. 577; *Matter of Riverdale Fabrics Corp.* [*Tillinghast-Stiles Co.*], 306 N. Y. 288; *Matter of Lehman* v. *Ostrovsky*, 264 N. Y. 130).

We conclude that there was no such agreement. The contract entered into between Corbetta-Pavarini and Driscoll is completely silent with reference to arbitration. Although the main contract between Alstores and Driscoll obliged Driscoll to bind subcontractors to the terms of the main contract which did contain an arbitration clause, Driscoll failed to do so and, therefore, Corbetta-Pavarini cannot be bound. Nor was there anything in the Corbetta-Pavarini subcontract which incorporated the main contract and its terms either directly, by reference or even by implication.

It is argued that even absent an agreement to arbitrate, Corbetta-Pavarini had bound themselves to do so by reason of an earlier demand for arbitration made by them upon Driscoll. That demand was passed on by Driscoll to Alstores. However, both Driscoll and Alstores rejected that demand. Had the demand been accepted, it could be deemed an agreement by Corbetta-Pavarini to submit to arbitration despite the absence of any earlier agreement to do so. However, Driscoll and Alstores having rejected it, such demand cannot be considered as a submission or as a subsequent " agreement " to arbitrate.

Nor do we agree that the Corbetta-Pavarini action may be stayed — albeit there is no agreement to arbitrate — as a matter of discretion. Actions may be stayed temporarily pending arbitration proceedings where the resolution of the issues in the latter may also resolve and render academic issues in the former (see *Flash* v. *Goldman*, 278 App. Div. 829; *Bartley Bros. Constr. Corp.* v. *National Sur. Corp.*, 280 App. Div. 798). Here no such result can obtain. The arbitration proceeding between Driscoll and Alstores cannot render academic the issues raised in the Corbetta-Pavarini suit against Driscoll.

---

*In view of our ultimate decision, we need not consider whether Alstores, which is not being sued by Corbetta-Pavarini, has standing to demand a stay of the Corbetta-Pavarini action against Driscoll.

In addition it would appear from the order that if Driscoll and Alstores consent to arbitration Corbetta-Pavarini may only pursue their claims in the arbitral forum. In the absence of an agreement on their part to arbitrate, under no circumstances may Corbetta-Pavarini have the choice of a forum so restricted.

In the circumstances, Alstores' request for a stay of the Corbetta-Pavarini action must be denied and Driscoll's conditional request for such relief must also be denied.

However, a different result must obtain in connection with the demand of Alstores to stay Driscoll's cross claim against it. Despite some argument to the contrary we do find that the agreement between Driscoll and Alstores calls for the arbitration of such a dispute as has arisen between them. Accordingly, the third-party action against Alstores must be stayed.

We now consider Alstores' demand that Driscoll be permanently stayed from seeking arbitration because, as it claims, more than the " reasonable time " for the commencement of such proceeding has already elapsed. We need not determine whether that issue must be decided by the arbitrators rather than by the courts because Alstores asks for a court adjudication of that issue and, therefore, cannot complain if the court should decide it. Driscoll sues for indemnification. Such cause of action only arises if it should be held liable to Corbetta-Pavarini. (*City of Rochester* v. *Campbell,* 123 N. Y. 405, 413; *Satta* v. *City of New York,* 272 App. Div. 782; *The Toledo,* 122 F. 2d 255, cert. denied *sub nom. Isbrandtsen-Moller Co.* v. *The Toledo,* 314 U. S. 689; *Rieger* v. *Frankstram Realties,* 68 N. Y. S. 2d 243; 42 C. J. S., Indemnity, § 25). Not yet having been held liable, its claim against Alstores has not yet arisen and, therefore, a reasonable time to commence arbitration in connection with that claim could not have expired. Consequently, on this ground, we must affirm that portion of Special Term's order which denied such relief.

Accordingly, the order of Special Term should be modified, on the law and the facts, with costs to appellants Corbetta-Pavarini against third-party defendant Alstores, so as to deny unconditionally the application of Alstores to stay the action of Corbetta-Pavarini against Driscoll and to grant unconditionally the application of Alstores to stay the third-party action of Driscoll against it, pending arbitration, and further to deny the application of Alstores for a permanent stay of arbitration by Driscoll. An order should be settled on notice to all parties, which order may provide that should Alstores and Driscoll choose (in the light of the denial of a stay of the Corbetta-Pavarini action against Driscoll) to waive their right to arbi-

trate, the third-party action will not be stayed, in which event Driscoll shall have the right to amend its third-party complaint if so advised.

BREITEL, J. P., VALENTE, EAGER and STEUER, JJ., concur.

Order, entered on May 28, 1962, unanimously modified, on the law and on the facts, with $20 costs and disbursements to appellants Corbetta-Pavarini against third-party defendant Alstores, so as to deny unconditionally the application of Alstores to stay the action of Corbetta-Pavarini against Driscoll and to grant unconditionally the application of Alstores to stay the third-party action of Driscoll against it, pending arbitration, and further to deny the application of Alstores for a permanent stay of arbitration by Driscoll. Settle order on notice to all parties, which order may provide that should Alstores and Driscoll choose (in the light of the denial of a stay of the Corbetta-Pavarini action against Driscoll) to waive their right to arbitrate, the third-party action will not be stayed, in which event Driscoll shall have the right to amend its third-party complaint if so advised.

