■ CASTAGNA & SON, INC., et al., Appellants, v ALAN MICHEL PLUMBING, INC., Respondent. — In a proceeding to vacate a demand for arbitration, in which respondent cross-moved to compel arbitration, petitioners appeal from a judgment of the Supreme Court, Nassau County (Oppido, J.), entered August 18, 1982, which denied their application and granted respondent's cross motion. Judgment reversed, on the law, with costs, petitioners' application to vacate

the demand for arbitration granted and respondent's cross motion denied. "The rule is that a party is not to be compelled to surrender his right to resort to the courts, with all of their safeguards, unless he has agreed in writing to do so (*Matter of Philip Export Corp.* [*Leathertone, Inc.*], 275 App. Div. 102, 124), and by clear language (*Matter of Lehman* v. *Ostrovsky,* 264 N. Y. 130, 132). Although one may by contract bargain away his right to resort to the courts in matters which might be the subject of a civil action (Civ. Prac. Act, § 1448), 'the agreement to do so will not be extended by construction or implication' (*Western Assur. Co.* v. *Decker,* 98 F. 381, 382)" (*Matter of Riverdale Fabrics Corp.* [*Tillinghast-Stiles Co.*], 306 NY 288, 289). The record in the instant case fails to reveal that petitioners entered into a clear agreement to arbitrate disputes with respondent, inasmuch as paragraph "47" of the subcontract between respondent and petitioner Castagna & Son, Inc., manifests the parties' intention to settle disputes pursuant to the "New York Simplified Procedure for Court Determination of Disputes." Damiani, J. P., Mangano, Gibbons and Gulotta, JJ., concur.