OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The subcontract between respondent and petitioner Castagna contains no provision for arbitration. Rather, it provides for determination of any controversy pursuant to the New York Simplified Procedure for Court Determination of Disputes, provided no other provision of the subcontract or of the construction contract between Castagna and petitioner Church Charity Foundation “provides for a determination thereof by other means.”
For a number of reasons the construction contract cannot be said to provide for arbitration between respondent and petitioners as respondent has demanded. First, respondent sought an amendment of the subcontract to provide for arbitration, but nevertheless executed it as drawn after the requested amendment was refused. Second, although the construction contract contains an arbitration clause, it requires arbitration only of disputes “arising out of or relating to this Agreement.” Third, articles I and II of the subcontract, which bound respondent by the terms of the construction contract so far as applicable to respondent’s work, relate to the work to be performed by respondent, not to the arbitration provisions of the construction contract. *843 Finally, the A.I.A. Supplementary General Conditions cannot be deemed the clear expression of intention to arbitrate required to bind petitioners to that method of dispute resolution (Matter of American Rail & Steel Co. [India Supply Mission], 308 NY 577; Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.], 306 NY 288). Although article XXXXIX of the subcontract described the construction contract as inclusive of the Supplementary General Conditions, those conditions did provide that all provisions of the A.I.A. General Conditions “shall be applicable to all contractors and subcontractors” and the General Conditions did include provision for arbitration of disputes “arising out of, or relating to, this Contract,” that provision for arbitration as to subcontractors must be deemed too attenuated and arcane to bind petitioners in the face of their rejection of respondents’ request for inclusion of an arbitration provision in the subcontract.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur; Judge Simons taking no part.
Order affirmed, with costs, in a memorandum.