■ In the Matter of ARYEH GUTMAN, Respondent, v SOL FRIEDMAN, Appellant.—In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Sol Friedman appeals from (1) an order of the Supreme Court, Kings County (Hurowitz, J.), dated July 5, 1989, which denied his motion to vacate the arbitration award of December 12, 1988, and granted the application to confirm that award, and (2) a judgment of the same court, dated July 11, 1989, which is against him and in favor of Aryeh Gutman in the principal sum of $93,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the application to confirm the award is denied, and the petition is dismissed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceeding *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

In order for the parties to an arbitration agreement to avail themselves of the protections of CPLR article 75, they must comply with the writing requirement of CPLR 7501 *(see, Matter of Hellman [Wolbrom],* 31 AD2d 477; *Meisels v Uhr,* 145 Misc 2d 571, 577). Since the record before this court does not contain a writing sufficient to constitute a binding agreement to arbitrate under CPLR 7501 *(see, Matter of Marlene Indus. Corp. [Carnac Textiles],* 45 NY2d 327, 333; *Castagna & Sons v Michel Plumbing,* 94 AD2d 736, *affd* 61 NY2d 841; *Meisels v Uhr, supra),* the provisions of CPLR article 75 are inapplicable to the proceeding in which the parties participated before the rabbinical tribunal, and the Supreme Court erred in enforcing the award *(see,* CPLR 7501; *Matter of Hellman [Wolbrom], supra; Meisels v Uhr, supra).* Brown, J. P., Balletta, Rosenblatt and Ritter, JJ., concur.