■ American Transit Insurance Company, Appellant, v Associated International Insurance Company, Respondent. [621 NYS2d 3] —Order, Supreme Court, New York County (Edward Greenfield, J.), entered September 2, 1993, which granted defendant's motion to compel arbitration and to stay the instant action pending such arbitration, and denied plaintiff's cross motion for disclosure in aid of arbitration and to disqualify defendant's attorney, unanimously modified, on the law and the facts, to make the denial of plaintiff's cross motion to disqualify defendant's attorney without prejudice to renewal in the event this action goes forward after the arbitration, with costs, and order, same court and Justice, entered March 31, 1994, which denied plaintiff's motion to reargue and renew, unanimously affirmed, without costs.

While the claim plaintiff insurer makes in this action for punitive damages based upon defendant reinsurer's alleged misconduct in settling claims is beyond the authority of an arbitrator to entertain, it is clear that plaintiff will not be able to recover punitive damages unless it succeeds on its claim for breach of contract, and the latter is indisputably subject to arbitration. "Actions may be stayed temporarily pending arbitration proceedings where the resolution of the issues in the latter may also resolve and render academic issues in the former" *(Corbetta Constr. Co. v Driscoll Co.,* 17 AD2d 176, 179). Concerning plaintiff's motion to disqualify defendant's

attorney, based upon the latter's alleged participation in the destruction of plaintiff's files, and other dilatory conduct, it is not apparent that the attorney's testimony will be necessary with respect to the issues raised in the arbitration, and inasmuch as the arbitration was commenced some time ago, a disqualification from that proceeding would be improvident *(see, H.H.B.K. 45th St. Corp. v Stern,* 158 AD2d 395). However, plaintiff should be free to renew the motion in the event this action goes forward after the arbitration. We have considered plaintiff's other arguments, including its asserted need for disclosure in aid of arbitration, and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Kupferman, Ross and Williams, JJ.