■ STEPHEN J. BURY, Appellant, v CIGNA HEALTHCARE OF NEW YORK, INC., Respondent. [679 NYS2d 305] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered January 29, 1998, which, to the extent appealed from as limited by plaintiff's brief, denied plaintiff's motion to remove this action from Civil Court, New York County, to Supreme Court, New York County, unanimously reversed, on the law and the facts, without costs, and the motion granted.

The Civil Court of the City of New York is a court of limited jurisdiction, having no general equity jurisdiction except as specifically provided by law (*W.H.P. 20, Inc. v Oktagon Corp.*, 251 AD2d 58; *see,* CCA 201 *et seq.*). CPLR 3001 confers jurisdiction over declaratory judgment actions exclusively on the Supreme Court (*Suarez v El Daro Realty*, 156 AD2d 356), and the limited declaratory judgment authority granted to the Civil Court pursuant to CCA 212 is inapplicable to this case. As the claims for services reimbursement on services rendered prior to the institution of this action have been settled, and the remaining issues involve the extent of coverage and which insurer, if any, is responsible for payment, plaintiff's claims are more suited to declaratory disposition as opposed to an action for damages under a breach of contract theory.

We make note that defendant did not oppose plaintiff's application in the Supreme Court, nor did it take any position on this appeal. Concur—Lerner, P. J., Milonas, Ellerin, Rubin and Williams, JJ.