OPINION OF THE COURT
Jack M. Battaglia, J.
*391 Worldwide Asset Purchasing, LLC, as petitioner, is seeking confirmation of an arbitration award and then a judgment on the award against Chris Karafotias, as respondent. Although respondent did not appear on the return date for the petition, the court denies the application because petitioner has failed to make a prima facie showing with admissible evidence that the award is entitled to confirmation.
The petition is verified by petitioner’s attorney, who says that she knows the contents to be true to her own knowledge except as to matters alleged upon information and belief. The petition consists of 13 numbered paragraphs, all of which are stated to be on information and belief. It asserts that “[a] contract was entered into between Petitioner’s predecessor in interest and the Respondent” (11 3); “[t]he contract provides, in relevant part, that either party may elect to resolve any disputes arising under the contract via binding arbitration” (1i 4); petitioner demanded arbitration, which was conducted by the National Arbitration Forum after notice of the time and place was given to both parties (1111 5-7); and the arbitrator made an award in writing, and a copy of the award was delivered to both parties (ITU 8-10). Attached to the petition are the Code of Procedure of the National Arbitration Forum, an award dated November 10, 2004, and a letter of the same date addressed to the parties.
The award contains seven substantive paragraphs, and reads in its entirety:
“The undersigned Arbitrator in this case FINDS:
“1. That no known conflict of interest exists.
“2. That on or before 09/13/2004 the Parties entered into an agreement providing that this matter shall be resolved through binding arbitration in accordance with the Forum Code of Procedure.
“3. That the Claimant has filed a Claim with the Forum and served it on the Respondent in accordance with Rule 6.
“4. That the matter has proceeded in accord with the applicable Forum Code of Procedure.
“5. The Parties have had the opportunity to present all evidence and information to the Arbitrator.
“6. That the Arbitrator has reviewed all evidence and information submitted in this case.
“7. That the information and evidence submitted supports the issuance of an Award as stated.”
The award is signed by the arbitrator and by the director of the National Arbitration Forum, and the latter “certifies” that *392 a copy was mailed to each of the parties. The amount awarded is $7,234.99.
It should be noted, first, that neither the petition nor the award provides any information from which the court may determine whether any agreement between the parties to arbitrate is governed by the Federal Arbitration Act. (See 9 USC § 1 et seq. [FAA].) No copy of any agreement is provided, no description of its nature, and no facts as to its formation. The issue is of significance, because the FAA “create[s] a body of federal substantive law of arbitrability” (see Moses H. Cone Mem. Hosp. v Mercury Constr. Corp., 460 US 1, 24 [1983]), which Congress intended to apply to the fullest extent of its Commerce Clause power (see Matter of Diamond Waterproofing Sys., Inc. v 55 Liberty Owners Corp., 4 NY3d 247, 252 [2005]).
“Although the Federal Arbitration Act preempts inconsistent State law as to an arbitration agreement’s enforceability . . . , it preempts only those provisions of State law that actually conflict with provisions of the Federal statute.” (Matter of J.J.’s Mae v Warshow & Sons, 277 AD2d 128, 128 [1st Dept 2000].) The federal statute “does not preempt. . . general principles of state contract law as rules of decision on whether the parties entered into an agreement to arbitrate.” (Id. [internal quotation marks omitted]; see also Allied-Bruce Terminix Cos. v Dob-son, 513 US 265, 273-274 [1995].) Indeed, “[w]hen deciding whether the parties agreed to arbitrate a certain matter . . : , courts generally . . . should apply ordinary state-law principles that govern the formation of contracts.” (First Options of Chicago, Inc. v Kaplan, 514 US 938, 944 [1995]; see also Stone v Golden Wexler & Sarnese, P.C., 341 F Supp 2d 189, 192 [ED NY 2004].)
“There is no federal policy favoring arbitration under a certain set of procedural rules.” (Volt Information Sciences, Inc. v Board of Trustees of Leland Stanford Junior Univ., 489 US 468, 476 [1989].) But “Congress precluded States from singling out arbitration provisions for suspect status.” (Doctor’s Associates, Inc. v Casarotto, 517 US 681, 687 [1996].) And so, to the extent that “New York law requires a higher degree of proof [than preponderance of the evidence] for arbitration agreements . . . such disparate treatment of arbitration provisions is not permitted.” (See Aceros Prefabricados, S.A. v TradeArbed, Inc., 282 F3d 92, 100 [2d Cir 2002].)
Nowhere in the petition or the award is there reference to the Federal Arbitration Act; the petition does cite to specific provi *393 sions of CPLR article 75. The court assumes, for purposes of this opinion, that the parties’ agreement is not subject to the Federal Arbitration Act, but notes that its holdings would be the same if the federal statute governed.
The Civil Court has jurisdiction to confirm an arbitration award pursuant to CPLR article 75, so long as the relief awarded is otherwise within the subject matter jurisdiction of the court. (See CCA 206 [b]; see also, generally, CCA art 2.) “A special proceeding shall be used to bring before a court the first application arising out of an arbitrable controversy which is not made by motion in a pending action.” (CPLR 7502 [a].) CPLR article 4 governs such proceedings, and explicitly authorizes summary determination. (See CPLR 409 [b].) When neither article 75 nor article 4 address a particular subject, the other provisions of the CPLR will apply. (See CPLR 101.) The CPLR applies generally in Civil Court, unless a particular provision is in conflict with the New York City Civil Court Act, in which case the latter controls. (See CCA 2102.)
The notice of petition and petition were apparently served pursuant to CPLR 308, in accordance with the requirements of article 4 (see CPLR 403 [c]), and were placed on the Part 34 calendar for June 20, 2005. Upon respondent’s nonappearance, the petition was submitted to the court for summary determination, in accordance with the customary practice in Civil Court of the City of New York, Kings County, at least. Presumably, the practice is deemed authorized by Uniform Civil Rules for the New York City Civil Court (22 NYCRR) § 208.32 (b).
There is no provision of either article 75 or article 4 that specifically addresses judgment on default. An article 4 special proceeding is generally resolved by judgment (see CPLR 411) and, if an arbitration award is confirmed, “[a] judgment shall be entered” on the award (see CPLR 7514 [a]). As will appear, the court concludes that an arbitration award may be confirmed upon nonappearance of the respondent only when the petitioner makes a prima facie showing with admissible evidence that the award is entitled to confirmation.
Since there is no provision in article 75 or article 4 that specifically addresses default, CPLR 3215 should apply. (See Matter of Brusco v Braun, 84 NY2d 674, 681 [1994].) CPLR 3215 (f) requires “proof by affidavit made by the party of the facts constituting the claim”; “a verified complaint . . . may be used as the affidavit.” (See also CPLR 105 [u]; Taebong Choi v JKS Dry Cleaning Equip. Corp., 15 AD3d 566, 566-567 [2d Dept *394 2005].) But “a complaint verified by counsel amounts to no more than an attorney’s affidavit and is therefore insufficient to support entry of judgment pursuant to CPLR 3215.” (Hazim v Winter, 234 AD2d 422, 422 [2d Dept 1996]; see also Beaton v Transit Facility Corp., 14 AD3d 637, 637 [2d Dept 2005].) Moreover, on application for default judgment the submission must make a prima facie showing that the relief prayed for is warranted. (See Beaton at 637-638 [“viable cause of action”]; Green v Dolphy Constr. Co., 187 AD2d 635, 636 [2d Dept 1992]; Silberstein v Presbyterian Hosp. in City of N.Y., 96 AD2d 1096, 1096-1097 [2d Dept 1983].)
Even if, however, CPLR 3215 does not apply to special proceedings in Civil Court (see Brusco v Braun, 199 AD2d 27, 31 [1st Dept 1993], affd on other grounds 84 NY2d 674 [1994]), similar evidentiary and substantive requirements would apply. “The standards governing motions for summary judgment are applicable to special proceedings generally.” (Brusco v Braun, 199 AD2d at 31.) A petition verified by the petitioner’s attorney “is of no probative value for purposes of summary determination.” (See id. at 32; see also Zuckerman v City of New York, 49 NY2d 557, 563 [1980]; Henriquez v Purins, 245 AD2d 337, 338 [2d Dept 1997].)
Moreover, even in the absence of opposition, a motion for summary judgment may be granted only if the movant has made a prima facie showing that it is entitled to judgment as a matter of law. (See Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Bonifer v Home Depot U.S.A., Inc., 17 AD3d 387, 387 [2d Dept 2005]; Rivers v Butterhill Realty, 145 AD2d 709, 710 [3d Dept 1988]; Cugini v System Lbr. Co., 111 AD2d 114, 115 [1st Dept 1985]; Mills v P. Hendel Prods., 4 Misc 3d 130[A], 2004 NY Slip Op 50686[U] [App Term, 2d & 11th Jud Dists 2004]; see also Vermont Teddy Bear Co., Inc. v 1-800 Beargram Co., 373 F3d 241, 244 [2d Cir 2004].) Here, petitioner was the moving party, and so there is nothing in Tortorello v Carlin (260 AD2d 201 [1st Dept 1999]) to the contrary. (See Feurtado v City of New York, 337 F Supp 2d 593, 600 n 2 [SD NY 2004].)
As already noted, the petition here is verified by petitioner’s attorney entirely on information and belief, and is, therefore, not evidence of any of the matters asserted. “The affidavit or affirmation of an attorney, even if he has no personal knowledge of the facts, may, of course, serve as the vehicle for the submission of acceptable attachments which do provide ‘evidentiary proof in admissible form’, e.g., documents, transcripts.” (Zuck *395 erman v City of New York, 49 NY2d at 563.) Here, were the award attached to the petition affirmed as required by CPLR 7507 (see also CPLR 2106), it could have provided evidentiary support for the facts stated therein, but it was not affirmed, and it is not otherwise in admissible form.
This opinion could end at this point, because in the absence of any evidentiary proof in admissible form to support confirmation of the award, the application for judgment must be denied. But, because of the recent and substantial influx into Civil Court of similar petitions to confirm arbitration awards, the court offers the following as elements of a prima facie showing that an arbitration award should be confirmed.
First, and most importantly, the petition must allow the court to find “a writing sufficient to constitute a binding agreement to arbitrate under CPLR 7501.” (See Matter of Gutman v Friedman, 170 AD2d 606, 606 [2d Dept 1991]; see also Cap Gemini Ernst & Young, U.S., L.L.C. v Nackel, 346 F3d 360, 365 [2d Cir 2003]; DeGraziano v Verizon Communications, Inc., 325 F Supp 2d 238, 243 [ED NY 2004].)
The court is aware that the jurisdiction of the Civil Court with respect to actions governed by article 75 is not coextensive with that of Supreme Court. Section 206 of the New York City Civil Court Act provides that the Civil Court “shall not have jurisdiction of the special proceeding . . . used to bring before a court the first application arising out of an arbitrable controversy,” except “[w]here a controversy has been duly arbitrated and an award made therein is for relief which is within the court’s jurisdiction.” (CCA 206 [a], [b].) The court reads the statute as precluding a special proceeding in Civil Court to either compel or to stay arbitration, consistent with Civil Court’s limited equitable jurisdiction. (See Bury v CIGNA Healthcare of N.Y., 254 AD2d 229, 229 [1st Dept 1998].)
Some uncertainty is introduced by section 206’s additional provision that, in any action properly pending in Civil Court, should “there arise . . . any questions relating to the arbitrability of the controversy, the court shall have jurisdiction completely to dispose of such questions.” (See CCA 206 [a].) The provision could be read as suggesting that, in addressing confirmation, vacatur, and modification of awards pursuant to CPLR 7510 through 7514, for which jurisdiction is explicit (see CCA 206 [b]), the court cannot address “questions relating to the arbitrability of the controversy.”
Such a conclusion would not only conflict with the Civil Court’s explicit jurisdiction over controversies “duly arbitrated” *396 (see id.), but would result in a different scope of review in Civil Court and Supreme Court when determining matters covered by CPLR 7511. There appears to be no reason why the Legislature would have intended such a result. Civil Court must have jurisdiction to determine “questions relating to the arbitrability of the controversy” (see CCA 206 [a]) whenever necessary to resolve matters within its explicit jurisdiction. Section 206 should be understood as doing nothing more than drawing a line between issues arising before arbitration and those arising after, with Civil Court’s jurisdiction limited to the latter, except when it otherwise has jurisdiction over the controversy. Were it otherwise, when Civil Court considers an application to vacate an award, which it is expressly authorized to do by section 206 (b), it would not be able to determine whether “a valid agreement to arbitrate was . . . made.” (See CPLR 7511 [b] [2] [ii].)
In addition to a showing of an agreement to arbitrate, the petition must also provide “proof . . . that timely written notice of the time and place of the arbitration hearing . . . was delivered” in accordance with the requirements of CPLR 7506 (b). (See Matter of 21 Lizensk Corp. v Spillman, 14 AD3d 617, 617 [2d Dept 2005]; see also Matter of Hanover Ins. Co. v Cannon Express Corp., 1 AD3d 358, 359 [2d Dept 2003]; Matter of Oakland Jewish Ctr. v Isaacson, 179 AD2d 761, 762 [2d Dept 1992]; Interchem Asia 2000 PTE Ltd. v Oceana Petrochemicals AG., 373 F Supp 2d 340, 359 [SD NY 2005].) “Precisely because arbitration awards are subject to . . . judicial deference, it is imperative that the integrity of the process, as opposed to the correctness of the individual decision, be zealously safeguarded.” (Matter of Goldfinger v Lisker, 68 NY2d 225, 231 [1986].) “Arbitrators . . . may act only upon proof adduced at a hearing of which due notice has been given to each party (CPLR 7506 [b], [c]).” (Id.)
There may be other necessary elements to a prima facie showing on an application to confirm. Although a party may not “prevent the rendition of a binding arbitration award by his default” (see Matter of Springs Cotton Mills [Buster Boy Suit Co.], 275 App Div 196, 199 [1st Dept 1949]), neither is the court’s function on an application to confirm “simply to rubber-stamp the award.” (Matter of Carty [Nationwide Ins. Co.], 149 AD2d 328, 329 [1st Dept 1989].)
It is enough for this case to state that, even if the petition and award were in evidentiary form, they would be insufficient to make a prima facie showing. Neither the petition nor the *397 award specifies an agreement to arbitrate or even alleges the writing required by CPLR 7501. And neither the petition nor the award specifies a notice in accordance with CPLR 7506 (b).
Since the petition fails to establish with evidence in admissible form that the award is prima facie entitled to confirmation, the application is denied. But, since the petition does not establish that petitioner cannot make such a showing, petitioner is granted leave to renew.