OPINION OF THE COURT
Arthur F. Engoron, J.
*429 In this small claims action, claimant Jason A. Whitfield, suing for $5,000, alleges that defendant State Farm Mutual Automobile Ins. Co. issued him a policy of motor vehicle insurance that covered property damage; that his motor vehicle was accidentally destroyed by fire; that he filed a claim; and that defendant has refused to pay it. Defendant alleges that plaintiff intentionally set fire to his vehicle and impeded defendant’s investigation of the incident, thus vitiating any insurance coverage.
Defendant now moves to dismiss the case on the ground that what claimant is actually seeking is a declaratory judgment that the policy was in effect; that a declaratory judgment is equitable relief; that Civil Court does not have subject matter jurisdiction to award equitable relief; and, therefore, that the court must dismiss the instant action for lack of subject matter jurisdiction.
This court agrees with defendant that declaratory relief is equitable, and that, with exceptions not relevant here, Civil Court does not have jurisdiction to grant equitable relief. However, the motion is denied on the ground that claimant is not seeking equitable relief. Claimant is seeking money damages, the antithesis of equitable relief. He is not seeking a declaration that the parties entered into an insurance agreement, which defendant does not even dispute.
The standard insurance declaratory judgment action, in which the parties seek a declaration as to their rights and responsibilities under one or more policies, is permissible, not mandatory. (See Siegel, NY Prac § 437, at 740 [4th ed] [“can determine,” “can make the determination,” “may be resolved,” “may be brought”].) Indeed, Professor Siegel specifically states that “if the insured sues it is usually a money action for the policy sum.” (Id.; see also, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, part 3, CCA 1801, at 278-279 [1989] [arguing that small claims subject matter jurisdiction extends to any suit seeking money damages only].) Defendant’s argument proves too much; a defendant can always argue that a contract does not exist, that a condition precedent was not satisfied, that an exception applies, that a condition subsequent was not satisfied, etc., and, therefore, that a simple breach of contract claim is equitable in nature, and, thus, needs to be brought in Supreme Court, with its attendant delay, complexity, and expense. Acceptance of defendant’s argument would vitiate Civil Court’s subject matter jurisdiction over vast swaths of, and perhaps all, breach of contract actions.
*430 Defendant’s reliance on Bury v CIGNA Healthcare of N.Y. (254 AD2d 229, 229 [1st Dept 1998]) is unavailing, as the court there stated that “the remaining issues involve the extent of coverage and which insurer, if any, is responsible for the payment” (Id. at 229 [emphasis added]). Here, the extent of coverage is not disputed (the contract speaks for itself; only the facts are disputed), and there is only one insurer. For all that appears, Bury involved a classic coverage dispute between different insurers, and the relief sought was a declaratory judgment. The court specifically said that “plaintiff’s claims are more suited to a declaratory disposition as opposed to an action for damages under a breach of contract theory.” (Id.) In the instant case, claimant has indicated that he would be perfectly happy with a $5,000 money judgment.
Defendant’s reliance on Marsiglia v Allstate Ins. Co. (2001 NY Slip Op 50136[U] [White Plains City Ct]) is also unavailing, for three reasons. First, the facts, involving whether an insurance contract was cancelled by an act of the insurer, are simply different from, and not especially analogous to, the facts here. Second, Marsiglia relies on Bury, which this court has found completely distinguishable. Third, to the extent that the Marsiglia court would dismiss the instant case, this court respectfully, but strongly, disagrees.
In the final analysis, any time an insured sues an insurer for payment under a policy, the court is presented with “a dispute over insurance coverage, and the rights and duties of the parties with respect to the insurance contract” (moving affirmation at 5). When the “dispute” is over money, and the “right” at issue is the right to receive it, and the “duty” at issue is the duty to pay it, the action is one at law, and does not lie in equity. Thus, Civil Court in general, and the Small Claims Part in particular, may entertain it. The instant dispute can be completely disposed of by a trial of the sole factual issue: the cause of the subject fire.
Thus, the motion is denied.