OPINION OF THE COURT

Per Curiam.

The determination made by the engineer of the Port Authority pursuant to the disputes provision of their contract is conclusive and forecloses appellants’ present claims for relief.
In 1965 appellants and the Port Authority entered into a contract for certain structural repairs on a vehicular via *877 duct known as Outerbridge Crossing. Subsequently, appellants subcontracted full responsibility for a portion of the work relating to the fabrication and installation of expansion dams to Fairmont Fabricators. Following completion of the job,, Fairmont through appellants made claims against the Port Authority for additional costs incurred as a result of the bridge being “out of square”, asserting essentially that the Port Authority plans incorrectly showed the bridge girders to which the newly manufactured replacement expansion dams were to be continuously welded to be straight, even and parallel with each other, which they were not, and that this circumstance resulted in cost overruns.
Pursuant to appellants’ contract with the Port Authority the claims were submitted to the Port Authority’s engineer for determination. In a written opinion the Port Authority’s engineer disallowed the claims after concluding that field conditions were what reasonably could be anticipated and that no contractor with any engineering sophistication could have expected to find an absolutely square condition.
Appellants then instituted the present action for damages. The claims asserted by appellants in this litigation fall within the broad scope of the contract provision: “The Engineer shall determine the amount, quality, acceptability and fitness of all parts of the materials and Work, shall interpret the Contract Drawings, Specifications, and any Extra Orders, and shall decide all other questions in connection with the Contract.” Applying then the standard of Tufano Contr. Cory, v Port of N. Y. Auth. (18 AD2d 1001, affd 13 NY2d 848) — that the decision of the engineer is conclusive and final as a matter of law unless it was infected by fraud, bad faith or palpable error — we note that no such infection was pleaded. Although appellants’ motion to conform the pleadings to the proof was granted by the trial court, no evidence was introduced sufficient to permit the jury to find fraud, bad faith or palpable error in the engineer’s decision. The assertion that neither the contract documents nor physical inspection of the bridge would have disclosed the “out of square” condition between the surface of the roadway and the underlying girders in no way undermines the conclusion of the engineer, based on his experience in such matters, that this condition was “what reasonably could be ex *878 pected” by anyone “with any engineering sophistication whatever”. Similarly, proof that prior to execution of the contract the Operations Service Department of the Port Authority, which prepared the contract drawings, did not disclose this subsurface condition would not constitute fraud nor was it referrable to the individual engineer or to his decision with respect to the questions submitted to him by the parties pursuant to their agreement to do so. Accordingly, the present judicial proceeding was properly dismissed.
The parties and the courts below appear to have considered the Tufano standard applicable in this instance, and it would, therefore, be inappropriate for us now to invoke a different standard. Nevertheless we observe that the operative contract provision in Tufano was significantly different from that in the present case. In Tufano questions of law were expressly withheld from the engineer; the provision obviously contemplated his determination only within the range of quality of work performed (see, e.g., 10 NY Jur, Contracts, § 309). By contrast the authority conferred on the engineer in the disputes provision of the present contract contains no such reservation. Its arguable resemblance to the now familiar broad arbitration clause prompts us to note that we do not reach the question whether judicial review of the engineer’s decision should be under CPLR article 75 and decisional law applicable to arbitration generally or under the Tufano line of cases.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in Per Curiam opinion.
Order affirmed, with costs.