OPINION OF THE COURT
Jasen, J.
This proceeding arose from a dispute over commissions between two real estate brokers, Waldron and Goddess, in the employ of the same New York real estate concern, Cross and Brown. Waldron seeks a vacatur of Goddess’s demand for arbitration which was predicated upon similar arbitration agreements in their separate employment contracts. Waldron’s contract was in effect at all relevant times, but Goddess’s contract expired prior to the dispute and, although her employment continued, she rejected her employer’s offer to enter into a new written contract. Thus, at the time the dispute arose, Waldron was subject to an express agreement with the employer to arbitrate, but Goddess was not. Special Term dismissed Waldron’s motion to vacate and granted Goddess’s cross motion to compel arbitration. A divided Appellate Division affirmed, and we now reverse.
It is settled that a party will not be compelled to arbitrate and, thereby, to surrender the right to resort to the courts, absent “evidence which affirmatively establishes that the parties expressly agreed to arbitrate their disputes.” (Schubtex, Inc. v Allen Snyder, Inc., 49 NY2d 1, 6; see, also, Matter of Marlene Inds. Corp. [Carnac Textiles], 45 NY2d 327, 333-334.) The agreement must be clear, explicit and unequivocal (Matter of Acting Supt. of Schools *184 [United Liverpool Faculty Assn.], 42 NY2d 509, 512; Matter of Lehman v Ostrovsky, 264 NY 130, 132) and must not depend upon implication or subtlety (Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.], 306 NY 288, 291; Matter of Doughboy Inds. [Pantasote Co.], 17 AD2d 216, 220 [Breitel, J.]). Here, where there is no agreement between Waldron and Goddess themselves, Goddess relies upon the separate employment contracts with their mutual employer, each containing compulsory arbitration provisions. Examination of those contracts, however, reveals that they do not provide an adequate basis on which to compel Waldron to submit to Goddess’s demand.
The arbitration agreement in Waldron’s employment contract consists of two separate sections. The first,[1] pertaining only to disputes with the employer, is inapplicable here. It expressly provides that any dispute arising between Cross and Brown and Waldron shall be settled by arbitration “upon the request of either party hereto”, and further states that these provisions shall apply even where “any such dispute” involves other employees, “whether or not such * * * employees submit to arbitration.” This first section thereby merely obligates Cross and Brown and Waldron to submit their disputes with each other to arbitration at either’s request, regardless of the involvement of any other employee. It clearly does not, however, give such other employee or any party other than Cross and Brown and Waldron the right to compel either of them to arbitrate. The second section[2] of the arbitration agreement *185 does cover disputes between employees, but it cannot be said clearly and explicitly to apply here. This section provides for submission to the corporation’s own arbitration procedure when the parties to the dispute have mutually consented to do so. Goddess and Waldron have not done so here. It further provides, in the absence of such consent, for submission of the dispute to the American Arbitration Association “by either party to this agreement” (emphasis added) — i.e., only Cross and Brown or Waldron. Nowhere is the right to compel arbitration extended to a nonparty to the agreement, albeit another employee, and nowhere is a party to the agreement required to submit to the latter’s demand. Absent clear language to the contrary, this arbitration agreement between Waldron and Cross and Brown may not be so “‘extended by construction or implication’” to include an employee not a party to the agreement as Goddess urges. (Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.], supra, at p 289.)
Nor is there merit to Goddess’s claim that the arbitration agreement in her expired employment contract with Cross and Brown constituted a binding right and obligation to arbitrate disputes with other employees. Not only did that contract expire prior to the dispute and no written employment contract was in existence, but also, the mere continuation of her employment did not operate to extend the arbitration agreement of the expired employment contract. Although the conduct of Goddess and Cross and Brown, subsequent to the expiration of the contract, may be construed to imply an agreement to extend some of its provisions, “the threshold for clarity of agreement to arbitrate is greater than with respect to other contractual terms.” (Matter of Doughboy Inds. [Pantasote Co.], supra, at p 219.) Absent a clearly expressed intention to renew the arbitration agreement contained in the otherwise expired employment contract or to adopt one contained elsewhere, Goddess was neither bound thereto (cf. Castagna & Son v Michel Plumbing, 61 NY2d 841; Matter of American Rail & *186 Steel Co. [India Supply Mission], 308 NY 577) nor could she derive any reciprocal right therefrom to compel Waldron to arbitrate.
There being no clear commitment obligating the parties to compulsory arbitration, the petition to stay arbitration should have been granted and the cross motion to compel the parties to proceed to arbitration denied. Accordingly, the order of the Appellate Division should be reversed, with costs.
Chief Judge Cooke and Judges Jones, Wachtler, Meyer and Kaye concur; Judge Simons taking no part.
Order reversed, with costs, motion to stay arbitration granted and cross motion to compel arbitration denied.

. The arbitration agreement is contained in paragraph eleventh of the employment contract. The first unnumbered section of that paragraph provides: “eleventh: It is expressly understood and agreed by and between the corporation and the employee that any dispute or difference in respect to any matter covered by any of the terms, provisions or conditions of this Agreement or in respect to any of the affairs or relations of the respective parties hereto shall be finally settled by submitting the same promptly to arbitration upon the request of either party hereto before the American Arbitration Association in the Borough of Manhattan, City of New York. The provisions of this paragraph numbered eleventh shall also apply in the event that any such dispute or difference may involve an employee or employees of the corporation in addition to the employee whether or not such other employee or employees submit to arbitration.”

. The second unnumbered section of paragraph eleventh of the contract provides: “And it is further expressly understood and agreed by and between the parties hereto that any dispute or difference between the employee and any other employee or employees of the corporation shall, if all of the parties to such dispute or difference agree in writing, be settled by submitting the same promptly to arbitration in pursuance of the arbitration procedure adopted by the corporation and on file with the Secretary of the corporation, such arbitration procedure being open for inspection at all times by any of the parties so affected. In the event that the parties do not promptly agree in such *185 latter case to arbitration in pursuance of the procedure of the corporation (and delay in so agreeing for a period in excess of ten days shall be deemed to be equivalent to failure to agree), then such dispute or difference shall forthwith be submitted to the American Arbitration Association in the Borough of Manhattan, City of New York, for final determination by either party to this Agreement.”