■ LOVISA CONSTRUCTION CO., INC., Appellant, v COUNTY OF SUFFOLK, Respondent. — In a contract action, plaintiff appeals from an order of the Supreme Court, Suffolk County (Luciano, J.), dated September 30, 1983, which granted defendant's motion to stay the prosecution of this action and to compel arbitration of plaintiff's claims.

Order reversed, on the law, without costs or disbursements, and motion denied.

This action involves the interpretation of a construction contract between the parties entered into on or about May 7, 1977. Plaintiff was engaged by the defendant County of Suffolk at that time to act as the contractor for the construction of the Awixa Creek Pumping Station — a part of a communal waste disposal system known as the Southwest Sewer District. Plaintiff alleged that the county failed to provide it with necessary information and neglected to properly supervise the project and that, as a result, it was required to perform extra work for which it has not been paid. The county thereupon moved to stay the action and compel arbitration of plaintiff's claims, asserting that the parties had agreed to submit such disputes to an engineer appointed by it. The county relies upon section G.07 of the contract which provides that:

"The Engineer shall, in all cases, determine the amount, quality, acceptability, and fitness of the several kinds of work, materials, and equipment which are to be paid for under this contract. He shall also determine all questions in relation to said work and the performance thereof, and decide every question which may arise relative to the fulfillment of this Contract on the part of the Contractor, except as provided herein.

"All decisions of the Engineer shall be final except in cases where time and/or financial considerations are involved, which, if no agreement in regard thereto is reached shall be subject to appeal to the Owner."

Plaintiff argues that it never intended by such language to agree to submit a dispute of the kind involved herein to the engineer.

Although no particular wording is required to constitute a valid, binding arbitration agreement, nor even the inclusion of the words "arbitrate" or "arbitrator" (cf. Ardsley Constr. Co. v Port Auth., 54 NY2d 876), the language used must be clear and unambiguous (Matter of Waldron [Goddess], 61 NY2d 181). While the parties clearly agreed to submit all questions "except as provided herein" to the engineer and agreed that the engineer's decision should be binding, the scope of the issues to be thus submitted and the exceptions thereto are far from clear.

The second paragraph of section G.07 as indicated specifically excepts from final determination by the engineer matters involving "time and/or financial considerations" and provides instead that disputes concerning such issues may be appealed to "the Owner". Quite arguably the disputes herein fall within this exception. However, the provision is ambiguous as to whether such disputes must first be submitted to the engineer prior to seeking judicial relief and whether or not judicial review is to be limited by CPLR article 75 or a similar standard (cf. Ardsley Constr. Co. v Port Auth., 54 NY2d 876, 878, supra; Tufano Contr. Corp. v Port of N. Y. Auth., 18 AD2d 1001, affd 13 NY2d 848).

A number of other sections in the contract also address topics — including delays and claims for damages — into which the current dispute arguably fits. An examination of these sections, however, only serves to compound rather than clarify the ambiguities present in section G.07. Section G.39, for example, sets forth a procedure, with a short time limitation, which the contractor must follow in submitting any claims for damages to the engineer. It is unclear, however, whether the application of this section is limited by the language of section G.07 to matters not involving time and/or finances but rather to the technical, day-to-day issues which plaintiff asserts were the sole province of the engineer under the agreement. Since we find the purported agreement to arbitrate to be ambiguous it is unenforceable (Matter of Waldron [Goddess], 61 NY2d 181, supra).

Moreover, apart from any question as to whether the provisions are ambiguous, even if we were to find the agreement to be unambiguous, there are serious questions regarding mutuality of remedy. For example, while the contractor is limited by section G.39 to submitting certain claims for damages to the engineer, section G.45 allows the owner to bring suit for "any

and all breaches of this Contract" by the contractor, "[n]otwithstanding any contrary provision in this Contract". This apparent lack of mutuality of remedy renders the purported arbitration provision void and unenforceable (*Cored Panels v Meinhard Commercial Corp.*, 72 AD2d 544; *Hull Dye & Print Works v Riegel Textile Corp.*, 37 AD2d 946). Accordingly, defendant's motion to stay prosecution of the action and to compel arbitration must be denied. Lazer, J. P., Mangano, O'Connor and Brown, JJ., concur.