■ PROTE CONTRACTING CO., LTD., Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.—In an action, *inter alia,* for a judgment declaring that the plaintiff is not required to furnish materials as part of the contract price whenever the schedule specifications of the parties' respective contracts describe the work to be performed by only the term "[i]nstall", the plaintiff appeals from an order of the Supreme

Court, Kings County (Rader, J.), dated April 22, 1986, which denied its motion for summary judgment and granted the defendant's cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The defendant invited bids from contractors to perform window and door work at Grace Dodge High School in Bronx County and window work at P.S. 41 in Queens County. The plaintiff was the lowest bidder and was awarded the respective contracts. During the course of the work, a dispute arose regarding the question of whether or not the plaintiff was required to furnish certain materials, such as, *inter alia,* window poles, window guards, and window shades, as part of the contract price whenever the schedule specifications of the respective contracts described the work to be performed by only the term "[i]nstall".

Article six of the respective contracts provides that the executive director shall in all cases determine the amount, quality, acceptability and fitness of the several kinds of work and materials performed and delivered which are to be paid for under the contract, he shall determine all questions in relation to the work and the methods adopted and shall in all cases determine every question which may arise relative to the fulfillment of the contract, and his estimate and decision shall be final, conclusive and binding upon the contractor. In accordance with the delegation powers conferred upon the executive director by article six, the latter appointed the defendant's construction manager to determine the issue. The construction manager construed the contract as requiring the plaintiff to supply the disputed items. After receiving this adverse directive, the plaintiff commenced the instant declaratory judgment action.

Initially, we reject the defendant's contention that the plaintiff relinquished the right to commence the instant action on the ground the parties' dispute had been settled by binding arbitration pursuant to article six of the respective contracts. It is well settled that in the absence of a clear, explicit and unequivocal agreement to arbitrate, a party does not surrender the right to resort to the courts to resolve contractual disputes *(see, Matter of Waldron [Goddess],* 61 NY2d 181; *Naclerio Contr. Co. v City of New York,* 116 AD2d 463, *affd* 69 NY2d 794). Inasmuch as articles 65 and 67 of the respective contracts provide, *inter alia,* for claims for extra work and manifests the parties' intention to reserve certain actions— into which the current dispute arguably fits—for the courts,

the purported arbitration clause (article six) of both contracts is ambiguous and, thus, unenforceable (see, Lovisa Constr. Co. v County of Suffolk, 108 AD2d 791).

The plaintiff contends that the directive to "[i]nstall" specific items did not impose upon the contractor the obligation to supply the item as part of the contract price. The plaintiff's contention is belied by an explicit provision in the respective contracts, which states that "[t]he work shall include providing all the necessary labor and new materials * * * necessary to * * * install the work as indicated on the plans and outlined in this specification". The plaintiff's claim has no merit and, for that reason, summary judgment was properly granted to the defendant (see, Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 112; Prote Contr. Co. v Board of Educ., 132 AD2d 538). Bracken, J. P., Rubin, Eiber and Spatt, JJ., concur.