■ EIS GROUP/CORNWALL HILL DEVELOPMENT CORPORATION, Respondent, v RINALDI CONSTRUCTION, INC., et al., Appellants. —In an action to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Putnam County (Dickinson, J.), dated January 10, 1989, which granted the plaintiff's motion to stay arbitration and denied their cross motion, *inter alia,* to stay the action and compel arbitration.

Ordered that the order is affirmed, with costs.

The dispute herein arises from an alleged breach of a contract between the plaintiff developer and the defendant general contractor for the development of certain residential property in Patterson in Putnam County. The contract documents consisted of the standard 1987 edition of the American Institute of Architects (hereinafter AIA) construction contract form and a five-page typewritten rider. The first page of the form contract incorporated, by reference, the 1987 edition of AIA document A201, "General Conditions of the Contract for Construction". AIA document A201 contained an arbitration clause. However, the actual document was not physically annexed to the form contract. Instead, annexed to the form contract and rider was a copy of the 1976 edition of AIA document A201, which was modified by certain deletions and additions, including the striking of a similar arbitration clause.

After work began under the contract, a breach allegedly occurred. The plaintiff thereafter commenced this action, and then moved to stay an arbitration proceeding later commenced by the defendants. The defendants cross-moved, *inter alia,* to stay the action and compel arbitration. The Supreme Court found that because of the conflicting terms in the parties' contract and the claims made by them, there was no clear and unequivocal agreement to arbitrate, and that, under these circumstances, it would be inappropriate to compel arbitration. We agree.

It is well settled that a party cannot enforce an agreement to arbitrate absent a clear, express and unequivocal agreement to do so *(see,* CPLR 7501; *Schubtex, Inc. v Allen Snyder, Inc.,* 49 NY2d 1). The Court of Appeals has consistently held that an "agreement [to arbitrate] must be clear, explicit and unequivocal * * * and must not depend upon implication or subtlety" *(Matter of Waldron [Goddess],* 61 NY2d 181, 183-184;

see also, *Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.]*, 306 NY 288, 289).

While the contract in this case purported to incorporate by reference a document containing an arbitration clause, the document actually annexed to the form contract did not contain an arbitration clause. These apparently inconsistent terms cannot be said to constitute a clear and unequivocal arbitration agreement. Therefore, the plaintiff's motion to stay the arbitration proceeding was properly granted and the matter should proceed in the Supreme Court. Lawrence, J. P., Rubin, Balletta and Rosenblatt, JJ., concur.