degree. There was sufficient corroboration of the accomplice's testimony to establish that defendant possessed stolen property the value of which exceeded $50,000 (see, Penal Law § 165.52). Defendant's sentence is not excessive. (Appeal from Judgment of Supreme Court, Monroe County, Cornelius, J.— Criminal Possession Stolen Property, 2nd Degree.) Present— Denman, J. P., Boomer, Green, Pine and Davis, JJ.

■ In the Matter of JAMES JENKINS, Appellant, v THOMAS A. COUGHLIN, as Commissioner of Department of Correctional Services, et al., Respondents.—Judgment unanimously affirmed for reasons stated in decision at Supreme Court, Dadd, J. (Appeal from Judgment of Supreme Court, Wyoming County, Dadd, J.—Article 78.) Present—Denman, J. P., Boomer, Green, Pine and Davis, JJ.

■ HELEN JIAMPIETRO, Individually and on Behalf of All Other Shareholders of Utica Alloys, Inc., Similarly Situated, and in the Right of Utica Alloys, Inc., Respondent, v UTICA ALLOYS, INC., et al., Appellants. (Appeal No. 1.)—Appeal unanimously dismissed without costs (see, Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Oneida County, Grow, J.—Arbitration.) Present—Denman, J. P., Boomer, Green, Pine and Davis, JJ.

■ HELEN JIAMPIETRO, Individually and on Behalf of All Other Shareholders of Utica Alloys, Inc., Similarly Situated, and in the Right of Utica Alloys, Inc., Respondent, v UTICA ALLOYS, INC., et al., Appellants. (Appeal No. 2.)—Order unanimously affirmed without costs. Memorandum: The court correctly denied defendants' motion to compel arbitration. The agreement to arbitrate is ambiguous and unenforceable because the "schedule" containing the list of sanctions available upon a breach of the underlying agreement is inconsistent with an agreement to arbitrate (see, Prote Contr. Co. v Board of Educ., 135 AD2d 523, 524; see also, Lovisa Constr. Co. v County of Suffolk, 108 AD2d 791; see generally, Matter of Waldron [Goddess], 61 NY2d 181, 183-184).

The court correctly denied defendants' motion to renew because they did not offer any excuse for failing to submit on the previous motion the additional facts offered on the motion to renew (see, Olean Urban Renewal Agency v Herman, 101 AD2d 712). (Appeal from Order of Supreme Court, Oneida County, Grow, J.—Renewal.) Present—Denman, J. P., Boomer, Green, Pine and Davis, JJ.

■ RUTH M. HERMAN, Appellant, v SEBASTIAN SPARTINELLI