■ R.T.P., Inc., Respondent, v State of New York Facilities Development Corporation, Defendant and Third-Party Plaintiff-Respondent-Appellant. Rogers, Burgun, Shahine and Dreschler, Inc., Third-Party Defendant-Appellant-Respondent. [607 NYS2d 168] —Cardona, P. J. Cross appeals from an order of the Supreme Court (Keegan, J.), entered January 25, 1993 in Albany County, which, *inter alia,* denied defendant's motion for summary judgment dismissing the complaint and third-party defendant's cross motion for summary judgment dismissing the third-party complaint.

Defendant awarded a contract to plaintiff, a subcontractor, to construct fire safety features at a psychiatric center located in Nassau County in accordance with the designs and under the supervision of third-party defendant, an architectural firm. The contract contained a clause whereby plaintiff agreed to be bound by defendant's *factual* determinations concerning any work-related disputes (hereinafter article 21). During the course of the work a dispute arose with plaintiff claiming that it should receive compensation for extra work based upon its installation of certain smoke partitions allegedly not required under the contract. Pursuant to article 21, defendant investigated plaintiff's contentions and thereafter rejected plaintiff's extra work claim. At plaintiff's request a hearing was held pursuant to article 21 with defendant's counsel acting as Hearing Officer. Defendant's counsel denied plaintiff's extra work claim, finding that the contract contemplated installation of the disputed partitions.

Plaintiff commenced this action against defendant seeking damages and defendant raised the affirmative defense of arbitration and commenced a third-party action against third-party defendant seeking indemnification based upon the contract. Supreme Court denied motions for summary judgment made by each of the parties.*

---

* Plaintiff does not argue in its briefs the propriety of Supreme Court's denial of its motion seeking summary judgment. Accordingly, we deem that

Based upon a review of article 21, we determine that it is not an unequivocal and explicit agreement by the parties to arbitrate all disputes under the contract *(see, Matter of Waldron [Goddess],* 61 NY2d 181, 183). The language does not clearly establish whether the parties agreed to submit the issue of the construction of the contract's terms to the Hearing Officer to be resolved as a question of fact or reserved it to the courts as a question of law. Furthermore, we cannot discern that the element of mutuality of remedy is present in article 21 *(see, Lovisa Constr. Co. v County of Suffolk,* 108 AD2d 791) because the Hearing Officer's decision is only made final and conclusive upon plaintiff.

We further reject as unpersuasive the contention that article 21 is an alternative dispute resolution clause. While courts have upheld the validity of alternative dispute resolution clauses which have designated architects or engineers, employed by one of the contracting parties, to make factual determinations within their areas of expertise binding upon the other party in the absence of fraud, bad faith or palpable mistake equivalent to bad faith *(see, Tufano Contr. Corp. v Port of N. Y. Auth.,* 13 NY2d 848; *Ardsley Constr. Co. v Port Auth.,* 54 NY2d 876), article 21 does not vest that authority in such an expert. Accordingly, the determination by defendant's counsel is not binding upon plaintiff and its complaint is subject to review in the courts.

Supreme Court properly denied the motions by defendant and third-party defendant seeking summary judgment. We need not address the other contentions raised by the parties.

Mercure, White, Casey and Weiss, JJ., concur. Ordered that the order is affirmed, without costs.

---

issue abandoned *(see, Lynch v Adirondack Tr. Lines,* 169 AD2d 904, 905; *Lamphear v State of New York,* 91 AD2d 791).