■ MYRON S. WECKER et al., Respondents, v FRED QUADERER et al., Respondents, and LOUISE A. AGNES, Appellant. [656 NYS2d

885] —In an action, *inter alia,* to recover damages for breach of contract, the defendant Louise A. Agnes appeals from an order of the Supreme Court, Nassau County (Dunne, J.), entered October 31, 1995, which denied her motion, in effect, for renewal of her motion, *inter alia,* to compel arbitration.

Ordered that the order is affirmed, with one bill of costs.

A party will not be compelled to arbitrate and surrender its right to resort to the courts absent evidence which affirmatively establishes that the parties expressly agreed to arbitrate their dispute *(see, Matter of Waldron [Goddess],* 61 NY2d 181; *Schubtex, Inc. v Allen Snyder, Inc.,* 49 NY2d 1). Neither the plaintiffs-respondents nor the defendants-respondents may be compelled to arbitrate any of the subject claims inasmuch as there is no clear or explicit agreement to arbitrate *(see, Matter of Waldron, supra,* at 184; *Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.],* 306 NY 288, 291; *Matter of Lehman v Ostrovsky,* 264 NY 130, 132; *see also, Crimmins Contr. Co. v City of New York,* 74 NY2d 166, 171; *Eis Group/ Cornwall Hill Dev. Corp. v Rinaldi Constr.,* 154 AD2d 429). Contrary to the appellant's contention, there was no evidence of an express intention by the parties to be so bound *(see, Schubtex, Inc. v Allen Snyder, Inc., supra,* at 6; *Matter of Marlene Indus. Corp. [Carnac Textiles],* 45 NY2d 327, 334).

The appellant's remaining contentions are without merit. Rosenblatt, J. P., O'Brien, Copertino and Goldstein, JJ., concur.