■ HENRY WARNER, Respondent, v U.S. SECURITIES & FUTURES CORP., Appellant. [685 NYS2d 25] —Order, Supreme Court, New York County (Paula Omansky, J.), entered August 24, 1998, which, in an action by plaintiff customer against defendant introducing stock broker to recover damages for unauthorized trades, denied defendant's motion to compel arbitration, unanimously affirmed, with costs.

The motion was properly denied in the absence of evidence affirmatively establishing that the parties expressly agreed to arbitrate their disputes (*see, Matter of Waldron [Goddess]*, 61 NY2d 181, 183). Such evidence is not provided by the agreement between plaintiff and nonparty clearing broker containing an arbitration clause and another clause stipulating that plaintiff's introducing broker is a third-party beneficiary of such agreement. As the IAS Court stated, it is "not obvious" that the third-party beneficiary clause was meant to modify the arbitration clause, which makes no mention of defendant either by name or by function (*cf., McPheeters v McGinn, Smith & Co.*, 953 F2d 771, 773; *Mowbray v Moseley, Hallgarten, Estabrook & Weeden*, 795 F2d 1111, 1117-1118). Defendant's argument that it is a party to the agreement by definition under the introductory clause thereof defining the clearing broker as including its "affiliates" depends too much upon "implication or subtlety" for purposes of compelling arbitration with a nonsignatory (*Matter of Waldron [Goddess]*, supra, at 184; *see also, TNS Holdings v MKI Sec. Corp.* 92 NY2d 335). Concur—Williams, J. P., Lerner, Rubin and Saxe, JJ.