■ NEC AMERICA, INC., Appellant, v NORTHEASTERN OFFICE EQUIPMENT, INC., Respondent. [711 NYS2d 397] —Order, Supreme Court, New York County (Nicholas Figueroa, J.), entered December 7, 1999, which denied the petition for a stay of arbitration, unanimously modified, on the law, to grant the petition to the extent of staying arbitration of those claims arising under the 1998 agreement, and otherwise affirmed, without costs.

We affirm the order of the IAS Court insofar as it denied a stay of arbitration of the claims arising under the 1990 agreement. The broad arbitration provision in the earlier agreement survived and remained enforceable after its termination (*Matter of Primex Intl. Corp. v Wal-Mart Stores*, 89 NY2d 594, 598-599). The motion court properly determined that any claims arising under the 1990 agreement must be arbitrated.

We modify to grant petitioner a stay of arbitration of those claims arising under the 1998 agreement. In the absence of an explicit and unequivocal agreement to arbitrate, a party will not be compelled to submit disputes to arbitration (*Matter of Waldron [Goddess]*, 61 NY2d 181, 183-184). Here, the only reference to arbitration in the second agreement is the heading in paragraph 29. There is no arbitration provision and, thus, no unequivocal manifestation of an intent to arbitrate disputes under the 1998 agreement. While the litigation clause contained in the second agreement does not supercede the parties' 1990 agreement to arbitrate, it does govern those disputes which arise under the latter contract. Concur—Nardelli, J. P., Ellerin, Lerner, Buckley and Friedman, JJ.