■ QUINCY KROSBY, Respondent, v UNITED FINANCIAL GROUP et al., Appellants. [723 NYS2d 671] —Order, Supreme Court, New York County (Edward Lehner, J.), entered February 23, 2000, which, to the extent appealed from, denied defendants' motion to stay the action and compel arbitration and granted plaintiff's cross motion to strike defendants' thirteenth affirmative defense, unanimously affirmed, with costs.

Plaintiff at the request of defendant UFG Inc., the brokerage firm with which she had accepted employment, signed a standard U-4 form. This form contained a term providing that disputes with defendant were to be submitted to arbitration if arbitration of such disputes was required pursuant to National Association of Securities Dealers (NASD) rules, constitutions and bylaws. NASD rules, however, only require arbitration of claims against NASD members. Since defendant did not ultimately join the NASD, the arbitration provision in the U-4 form never became binding upon plaintiff. Accordingly, since there is no enforceable agreement to arbitrate, the denial of defendants' motion to stay this action and compel arbitration was proper (see, Matter of Waldron [Goddess], 61 NY2d 181, 184). Also proper was the motion court's determination to strike defendants' thirteenth affirmative defense predicated upon the absence of a fiduciary relationship between the parties, since plaintiff's claim of negligent misrepresentation is not necessarily dependent upon the existence of a fiduciary relationship, but may be premised instead upon a relationship of "near privity" (see, AUSA Life Ins. Co. v Ernst & Young, 991 F Supp 234, 252-253), and plaintiff has adequately alleged that the latter sort of relationship was created by defendants' representations to induce her into their employ. Concur—Williams, J. P., Tom, Wallach, Buckley and Friedman, JJ.