■ In the Matter of AMERICAN CENTURY SERVICES CORPORATION, Respondent, v RED OAK SOFTWARE, INC., Appellant. [750 NYS2d 63] —Order, Supreme Court, New York County (William Wetzel, J.), entered November 5, 2001, which granted the petition pursuant to CPLR article 75 to permanently stay arbitration of a software license dispute, unanimously affirmed, with costs.

The purchase order generated in connection with the software transaction between petitioner and respondent's predecessor-in-interest, which by its express terms governed the transaction unless a separate written agreement was entered into by the parties, contained no arbitration clause. Inasmuch as no separate written agreement was entered into, much less one requiring arbitration of the parties' dispute, evidence of the clear commitment to arbitration necessary to support its compulsion was absent and the petition to stay arbitra-

tion was properly granted (*see Matter of Waldron [Goddess]*, 61 NY2d 181, 183-184; CPLR 7503 [b]).

We have reviewed respondent's remaining arguments and find them unavailing. Concur—Saxe, J.P., Buckley, Rosenberger, Lerner and Gonzalez, JJ.