■ MURIEL SIEBERT & Co., INC., Respondent, v INTUIT, INC., Appellant. [783 NYS2d 566]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered January 23, 2004, which, inter alia, denied defendant's motion to compel arbitration, unanimously affirmed, with costs.

The parties in their original agreement did not provide for arbitration of the matters plaintiff would litigate in this action. While in a subsequent exchange of letters they signaled their acceptance of arbitration as a means of resolving issues outstanding following the conclusion of settlement negotiations between their principals, the requisite clear and unambiguous expression that the parties intended to mandate arbitration of their dispute (*see Matter of Waldron [Goddess]*, 61 NY2d 181,

183-184 [1984]), and thus sharply limit the dispute resolution options available under their original agreement, is lacking. Indeed, at the conclusion of the principals' unsuccessful settlement negotiations, defendant's principal admittedly told plaintiff's principal that he would see her "in court," and in subsequent correspondence between the parties various alternatives to arbitration were broached, some of them, such as mediation and settlement negotiations between the parties' respective counsel, by defendant's principal. Viewed in their entirety, the parties' communications do not evidence that the parties had, in derogation of their original agreement, settled upon arbitration as the exclusive means of resolving their dispute (*cf. American States Ins. Co. v Sorrell*, 258 AD2d 782 [1999]). Concur—Nardelli, J.P., Saxe, Ellerin, Gonzalez and Catterson, JJ.