■ In the Matter of MERRILL LYNCH & Co., INC., Respondent, v WILLIAM A. WALROD, Individually and as Trustee of WILLIAM A. WALROD REVOCABLE TRUST, et al., Appellants. [791 NYS2d 247]—

Appeal from an order and judgment (one paper) of the Supreme Court, Chautauqua County (Frederick J. Marshall, J.), entered August 3, 2004 in a proceeding commenced pursuant to CPLR article 75. The order and judgment granted the petition for a permanent stay of arbitration.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously reversed on the law with costs and the petition is dismissed.

Memorandum: This CPLR article 75 proceeding arises out of a civil action commenced by respondents against, inter alia, Merrill Lynch & Co., Inc. (Merrill Lynch) and Merrill Lynch, Pierce, Fenner & Smith Incorporated (MLPFS). That action was commenced in February 2003 and, in May 2003, a stipulation of discontinuance was entered into by the parties. That stipulation provides in part that, "whereas the claims set forth in the [c]omplaint . . . are subject to arbitration pursuant to the contractual agreements between the parties, . . . the . . . action be, and the same hereby is, discontinued without prejudice to the filing of an arbitration proceeding or the post-arbitration rights of the parties, pursuant to [a]rticle 75 of the CPLR."

Respondents immediately filed a statement of claim with the National Association of Securities Dealers, Inc. (NASD) seeking to arbitrate their claims against all of the defendants that were named in the civil action, including Merrill Lynch and MLPFS. All of the defendants named in the action had been represented by the same counsel. In response to the statement of claim filed with the NASD, a statement of answer was filed by MLPFS and two individual respondents, but not on behalf of Merrill Lynch. Counsel, who previously stated that he represented all of the defendants in the civil action, took the position that Merrill Lynch had no relationship with respondents and thus was not a proper party to the arbitration. Rather, according to counsel, MLPFS was the "proper Merrill Lynch-related entity." The NASD ultimately took the position that Merrill Lynch was subject to arbitration, and Merrill Lynch commenced this proceeding seeking a permanent stay of arbitration. Supreme Court granted the petition for a stay, and respondents appealed.

We agree with Merrill Lynch that the only express arbitration

agreement was between respondents and MLPFS. We conclude, however, that the stipulation of discontinuance is an agreement by Merrill Lynch to arbitrate the claims raised in the underlying civil action. The language of the stipulation of discontinuance is a "clear, explicit and unequivocal" agreement by Merrill Lynch to proceed to arbitration (*Matter of Waldron [Goddess]*, 61 NY2d 181, 183 [1984]). Prior to the execution of the stipulation of discontinuance, counsel for Merrill Lynch and MLPFS wrote to respondents stating that "this action should proceed in arbitration." We disagree with Merrill Lynch that the stipulation of discontinuance contains qualifying language that would render it unclear or equivocal. We therefore reverse the order and judgment and dismiss the petition. Present—Kehoe, J.P., Gorski, Martoche and Smith, JJ.