■ In the Matter of Town of Mount Pleasant, Appellant, v JJC Construction Corp., Respondent. [826 NYS2d 717]—In a proceeding pursuant to CPLR article 75 to vacate a demand for arbitration and to permanently stay the arbitration, the petitioner appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered June 23, 2005, which denied the petition and, in effect, granted the respondent's cross petition to compel arbitration.

Ordered that the order is reversed, on the law, with costs, the petition is granted, the cross petition is denied, the demand for

arbitration is vacated, and the arbitration is permanently stayed.

The law is well settled that a party may not be compelled to arbitrate a dispute unless there is evidence affirmatively establishing that the parties clearly, explicitly, and unequivocally agreed to arbitrate (*see Matter of Waldron [Goddess]*, 61 NY2d 181, 183 [1984]; *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 42 NY2d 509, 512 [1977]; *Matter of Zilberberg & Assoc. v Rosner*, 292 AD2d 533 [2002]), and the agreement must not depend upon implication or subtlety (*see Matter of Waldron [Goddess], supra* at 184).

The petitioner, Town of Mount Pleasant, established that the parties did not enter into an explicit and unequivocal agreement to arbitrate their disputes (*see Matter of Ohr Torah Inst. [Mikhailov]*, 276 AD2d 634 [2000]; *Matter of Sullivan County Radiological Assoc. v Greene*, 254 AD2d 425 [1998]). Thus, the Town cannot be compelled to submit to arbitration (*see Matter of Zilberberg & Assoc. v Rosner, supra*).

Furthermore, the Town's petition to stay the arbitration was timely served (*see Matter of Matarasso [Continental Cas. Co.]*, 56 NY2d 264, 267 [1982]). Miller, J.P., Spolzino, Fisher and Dillon, JJ., concur.