■ JOHN LOPEZ, Plaintiff, v 14TH STREET DEVELOPMENT, LLC, et al., Defendants, and KENNETH BANTA et al., Appellants and Third-Party Plaintiffs. KELLERAN & ASSOCIATES INC., Third-Party Defendant-Respondent. [835 NYS2d 186]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered August 17, 2005, which, inter alia, stayed the action pending arbitration, reversed, on the law, without costs, the motion denied and the stay vacated.

In January 2001, appellants Kenneth Banta and Anthony Powe, the owners of a condominium unit, engaged respondent Kelleran & Associates to perform renovation work on the premises. The parties entered into a written contract incorporating the general conditions for construction contracts of the American Institute of Architects (AIA Document A201). Plaintiff John Lopez, who was employed by Kelleran, commenced this action in July 2004 alleging that he sustained injury in July 2001 while working in the condominium unit. The owners brought a third-party action against Kelleran for indemnification under the contract, which provides, in material part, that the contractor "shall indemnify and hold harmless the Owner . . . against claims . . . arising out of or resulting from performance of the Work, provided that such claim . . . is attributable

to bodily injury." Kelleran then interposed the subject motion seeking to dismiss the third-party action, asserting that its contract with the owners provides for arbitration of their dispute. Though brought as a motion to dismiss the complaint (CPLR 3211 [a] [5]), Supreme Court properly treated the application as a motion to compel arbitration of the owners' indemnity claim (CPLR 7503 [a]). The court's order directs that "this action shall be stayed pending arbitration in this matter."

The arbitration clause provides, "Any claim arising out of or related to the Contract [with certain exceptions not pertinent here] shall, after decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to arbitration." In granting Kelleran's motion, Supreme Court accepted the contractor's interpretation of this provision, which emphasizes the language broadly subjecting claims "arising out of or related to the Contract" to arbitration. In so doing, however, the court ignored language limiting arbitration to those claims submitted to the architect.

The contract presupposes administration of the subject work by the architect during construction and provides that she will, inter alia, "interpret and decide matters concerning performance." While the parties fail to specify as much, it appears that the owners' indemnity claim arose long after the work was completed and final payment was made. Generally, the contract requires claims to be initiated within 21 days by written notice to the architect and the other party. It specifies that claims "shall be referred initially to the Architect," whose decision is a condition precedent to arbitration of all claims "arising prior to the date final payment is due" between the contractor and owners, unless the architect fails to render a decision within 30 days. Thereafter, the parties must submit to mediation, which is a further condition precedent to arbitration. Thus, arbitration is provided only for claims submitted to the architect, either after her decision or, without any decision, after the passage of 30 days following submission.

AIA Document A201 is not a model of clarity. As conditions precedent to arbitration, it requires only referral to the architect and mediation of claims arising prior to final payment. However, arbitration is expressly limited to claims that are either decided by the architect or remain undecided for 30 days following submission to her. The contract contains no further provision subjecting claims that arise after completion of the work to arbitration, whether submitted to the architect or not (cf. Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1, 10 [1980]). In the absence of any assertion by the contractor that

the owners' indemnity claim was ever submitted to the architect for decision, the arbitration provision is inapplicable, and this dispute is subject to judicial resolution. Concur—Tom, J.P., Saxe, Friedman and Sullivan, JJ.

McGuire, J., concurs in a separate memorandum as follows: Appellants, defendants in the main action and the third-party plaintiffs, entered into a construction contract with third-party defendant Kelleran & Associates Inc. (Kelleran) for renovation work to be performed in appellants' condominium unit. Plaintiff, an employee of Kelleran, allegedly sustained personal injuries while working on the project and commenced an action against appellants. Appellants commenced a third-party action against Kelleran for breach of contract and contractual indemnification. Appellants alleged that the contract they entered into with Kelleran, which incorporated by reference the American Institute of Architects Document A201 General Conditions of the Contract for Construction (the AIA document), 1987 edition, entitled them to indemnification from Kelleran. Kelleran moved, in effect, to compel arbitration of appellants' claims, citing arbitration provisions in the contract. Supreme Court granted the motion and stayed the action pending arbitration.

I agree with the majority that reversal of the order is warranted, but I would rest that conclusion on a different ground. In support of its motion, Kelleran submitted a copy of the contract with the wrong edition of the AIA document. Specifically, the contract expressly incorporates by reference the 1987 edition of the AIA document. Kelleran submitted the 1997 edition. Article 9 of the contract directs that all claims arising out of or related to the contract, other than those arising during the preconstruction phase of the project, "shall be settled in accordance with Article 4 of [the 1987 edition of the AIA document]." Because Kelleran did not submit the correct version of the AIA document—the document which defines the parties' rights and obligations with respect to arbitration of the subject claims—Kelleran did not establish that Article 4 of that document requires arbitration of appellants' claims. Accordingly, Kelleran failed to sustain its burden of demonstrating "a clear and unequivocal agreement to arbitrate" appellants' claims (*Gerling Global Reins. Corp. v Home Ins. Co.*, 302 AD2d 118, 123 [2002], *lv denied* 99 NY2d 511 [2003], quoting *Matter of Siegel v 141 Bowery Corp.*, 51 AD2d 209, 212 [1976]; *see McShane v Singh*, 250 AD2d 656 [1998]; *see also Eis Group/Cornwall Hill Dev. Corp. v Rinaldi Constr.*, 154 AD2d 429 [1989]), and reversal is required for that reason.