◼ In the Matter of Lois Katz et al., Respondents, v Charles Alpert et al., Appellants. [891 NYS2d 386]

"It is settled that a party will not be compelled to arbitrate and, thereby, to surrender the right to resort to the courts,

absent evidence which affirmatively establishes that the parties expressly agreed to arbitrate their disputes. The agreement must be clear, explicit and unequivocal" (*Matter of Waldron [Goddess]*, 61 NY2d 181, 183 [1984] [internal quotation marks and citations omitted]).

Here, appellants failed to meet their burden to show that petitioners had agreed to arbitrate the dispute at issue (*see Eiseman Levine Lehrhaupt & Kakoyiannis, P.C. v Torino Jewelers, Ltd.*, 44 AD3d 581, 583 [2007]). Indeed, petitioners were not parties to the 1964 agreement, nor did they agree to arbitrate these claims in some other agreement. The fact that petitioners may have held the subject properties as nominees of a signatory to the 1964 agreement is insufficient to demonstrate that they unequivocally agreed to arbitration. In this regard, we note that petitioners were not assigned the signatory's rights under the agreement.

We have considered appellants' remaining contentions and find them unavailing. Concur—Sweeny, J.P., Catterson, Renwick, Freedman and Abdus-Salaam, JJ.