◼ BOARD OF EDUCATION OF THE MARLBORO CENTRAL SCHOOL DISTRICT, Respondent, v PIAZZA BROTHERS, INC., Appellant, et al., Defendants. [967 NYS2d 181]—

Peters, P.J. Appeals (1) from an order of the Supreme Court (Cahill, J.), entered June 27, 2012 in Ulster County, which, among other things, denied a motion by defendant Piazza Brothers, Inc. to dismiss the complaint and cross claims against it, and (2) from an order of said court, entered November 27, 2012 in Ulster County, which, upon reargument, adhered to its prior decision.

Plaintiff contracted with defendant Piazza Brothers, Inc. (hereinafter defendant) and other contractors to perform renovations at an elementary school, including removing and replacing ceilings throughout the building. Defendant completed

its work in 2006, at which time plaintiff offered no complaints with regard to the work. In 2010, the ceiling in the school's library collapsed, prompting plaintiff to commence this action for breach of contract against the architect, construction manager and contractors involved in the renovation project. Plaintiff specifically claimed that the collapse stemmed from defendant's failure to remove the original ceiling prior to installing the new one.

Thereafter, certain other defendants answered and asserted cross claims against defendant. Defendant served a pre-answer motion to dismiss both the complaint and cross claims, which Supreme Court denied. The court subsequently granted defendant's motion for reargument and, upon reargument, adhered to its original decision. Defendant appeals from both orders.

We affirm. Defendant initially contends that the present action is barred by unfulfilled conditions precedent to suit contained in its contract with plaintiff. While the parties' agreement requires that disputes under the contract be submitted to the project architect for resolution prior to the commencement of any litigation, that procedure only creates a condition precedent to suit for "matters arising prior to the date final payment is due, regardless of . . . whether such matters relate to execution and progress of the [w]ork." Indeed, the architect is only tasked with administering the contract until final payment is due. We thus agree with Supreme Court that those provisions do not constitute a condition precedent to the commencement of this action (*see Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d 1, 11 [1980]; *Lopez v 14th St. Dev., LLC*, 40 AD3d 313, 314-315 [2007]).

Furthermore, defendant's contractual obligation to correct defective conditions only applies to those discovered within "one year after the date of [s]ubstantial [c]ompletion of the [w]ork." Thus, the absence of a demand to cure by plaintiff does not bar the present action (*see Matter of County of Rockland [Primiano Constr. Co.]*, 51 NY2d at 11). Moreover, the contract specifies that the period in which to cure is wholly separate from "the time within which proceedings may be commenced to establish [defendant's] liability with respect to" other contractual obligations. Defendant's remaining contentions, to the extent they are properly before us, have been considered and rejected.

Rose, McCarthy and Egan, Jr., JJ., concur. Ordered that the orders are affirmed, without costs.