■ In the Matter of FINAL SOSSOUS, Appellant, v HERRICKS UNION FREE SCHOOL DISTRICT, Respondent. [36 NYS3d 916]—

In a proceeding pursuant to CPLR article 75 to compel arbitration, the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCormack, J.), entered October 14, 2014, as denied his petition to compel arbitration and granted that branch of the respondent's cross motion which was to dismiss the petition.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the petition to compel arbitration is granted, and that branch of the respondent's cross motion which was to dismiss the petition is denied.

Questions concerning compliance with a contractual step-by-step grievance process have been recognized as matters of procedural arbitrability to be resolved by an arbitrator (*see Matter of Diamond Waterproofing Sys., Inc. v 55 Liberty Owners Corp.*, 4 NY3d 247, 252 [2005]; *Matter of Enlarged City School Dist. of Troy [Troy Teachers Assn.]*, 69 NY2d 905, 907 [1987]; *Matter of Hartsdale Fire Dist. v Greenburgh Uniform Firefighters Assn., Inc., Local 1586, IAFF, AFL-CIO*, 55 AD3d 731, 732 [2008]). Here, the respondent's contention that only the Herricks Teachers' Association, and not the petitioner individually, may seek arbitration of the issues relating to the subject settlement agreement raises a question of procedural arbitrability that must be resolved by the arbitrator (*see Matter of Hartsdale Fire Dist. v Greenburgh Uniform Firefighters Assn., Inc., Local 1586, IAFF, AFL-CIO*, 55 AD3d at 732; *see also Matter of Board of Educ. of Schenectady City School Dist. [Schenectady Fedn. of Teachers]*, 61 AD3d 1175, 1176 [2009]). Moreover, under the circumstances of this case, the parties charted their own procedural course by entering into a settlement agreement providing that the arbitrator would retain jurisdiction to resolve "any dispute that may arise concerning this settlement agreement."

Accordingly, the Supreme Court should have granted the petition to compel arbitration and denied that branch of the respondent's cross motion which was to dismiss the petition. Mastro, J.P., Chambers, Roman and Barros, JJ., concur.