■ In the Matter of ALTHEA ADAMS et al., Respondents, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants. [59 NYS3d 447]—

In a proceeding pursuant to CPLR article 75 to compel arbitration, Metropolitan Transportation Authority and MTA-Long Island Bus appeal, and Nassau County and Veolia Transportation Services, Inc., each separately appeal, from an order of the Supreme Court, Nassau County (Jaeger, J.), entered October 27, 2014, which granted the petition and directed the parties to proceed to arbitration.

Ordered that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

Beginning in 1973, Nassau County provided bus service for the County through an operating agreement with the MTA-Long Island Bus (hereinafter the MTA-LIB), a subsidiary of the Metropolitan Transportation Authority (hereinafter the MTA and, together with the MTA-LIB, the MTA appellants). In connection with that operating agreement, the County and the MTA appellants received federal funds, the receipt of which required, as a condition of the funding, that various protections be offered to the employees of the public transportation service. These protections were set forth in various agreements, known as section 13 (c) agreements, which included arbitration provisions.

In 2011, the MTA appellants terminated their bus service in the County, and the County contracted with Veolia Transportation Services, Inc. (hereinafter Veolia), to provide bus services. Veolia agreed, inter alia, to be bound by the section 13 (c) agreements that had been entered into by the County, which provided for arbitration of claims by the employees of the bus service. Thereafter, the petitioners were terminated as employees of the MTA-LIB and subsequently hired by Veolia. The petitioners then commenced this proceeding against the MTA, the MTA-LIB, the County, and Veolia to compel arbitration, alleging that, as a result of moving their employment to Veolia, they encountered negative employment consequences that were compensable under the section 13 (c) agreements. The Supreme Court granted the petition and directed the parties to proceed to arbitration. The MTA appellants, the County, and Veolia separately appeal.

" '[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he [or she] has not agreed so to submit' " (*Matter of Monarch Consulting, Inc. v National Union Fire Ins. Co. of Pittsburgh, PA*, 26 NY3d 659, 674 [2016], quoting *AT&T Technologies, Inc. v Communications Workers*, 475 US 643, 648 [1986]). A party may not be compelled to arbitrate a dispute unless there is evidence

affirmatively establishing that the parties clearly, explicitly, and unequivocally agreed to arbitrate (see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP, 6 NY3d 371, 374 [2006]; Matter of Waldron [Goddess], 61 NY2d 181, 186 [1984]; Matter of Town of Mount Pleasant v JJC Constr. Corp., 35 AD3d 869, 870 [2006]; Matter of Mendel Zilberberg & Assoc. v Rosner, 292 AD2d 533, 534 [2002]).

Here, the Supreme Court correctly determined that the appellants all clearly and expressly agreed to arbitrate the claims alleged by the petitioners pursuant to the section 13 (c) agreements and that any conditions precedent to seeking arbitration had been satisfied (see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP, 6 NY3d at 374; Matter of County of Rockland [Primiano Constr. Co.], 51 NY2d 1, 12 [1980]; see also Matter of Diamond Waterproofing Sys., Inc. v 55 Liberty Owners Corp., 4 NY3d 247, 253 [2005]; Matter of Sossous v Herricks Union Free Sch. Dist., 142 AD3d 709, 709 [2016]).

Accordingly, the Supreme Court properly granted the petition to compel arbitration. Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur.