Giffone v Berlerro Group, LLC (2018 NY Slip Op 05287)





Giffone v Berlerro Group, LLC


2018 NY Slip Op 05287


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2016-11449
 (Index No. 610711/15)

[*1]Joseph Giffone, etc., et al., respondents, 
v
Berlerro Group, LLC, etc., et al., appellants.


Vogrin & Frimet, LLP, New York, NY (Michael J. Frimet of counsel), for appellants.
Rosenberg & Gluck, LLP, Holtsville, NY (Matthew H. Bligh of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated September 14, 2016. The order denied the defendants' motion to compel arbitration and stay all proceedings in the action pending arbitration.
ORDERED that the order is affirmed, with costs.
On February 2, 2014, the father of the plaintiff Joseph Giffone (hereinafter the infant plaintiff) allegedly executed an agreement on behalf of the infant plaintiff as a precondition for the infant plaintiff to participate in activities at the defendants' indoor trampoline park. The agreement, inter alia, purported to release the defendants from liability and included a provision that stated, in relevant part, "[i]f there are any disputes regarding this agreement, . . . such dispute shall be brought within one year of the date of this Agreement and will be determined by binding arbitration." On May 9, 2015, the infant plaintiff allegedly sustained personal injuries at the defendants' indoor trampoline park.
In 2015, the plaintiffs commenced this action, inter alia, to recover damages for the infant plaintiff's alleged personal injuries. The defendants interposed an amended answer and moved to compel arbitration and stay all proceedings in the action pending arbitration. The Supreme Court denied the defendants' motion. The defendants appeal.
A party to an agreement will not be compelled to arbitrate and, thereby, surrender the [*2]right to resort to courts in the absence of evidence affirmatively establishing that the parties expressly agreed to arbitrate the dispute at hand (see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP, 6 NY3d 371, 374; Matter of Waldron [Goddess], 61 NY2d 181, 183-184). "The agreement [to arbitrate] must be clear, explicit and unequivocal[,] and must not depend upon implication or subtlety" (Matter of Waldron [Goddess], 61 NY2d at 183-184 [citations omitted]). Here, the agreement's arbitration provision required that disputes be brought within one year of the date of the agreement. The agreement was executed on February 2, 2014, and the infant plaintiff's alleged injuries occurred on May 9, 2015, more than one year later. Thus, under the circumstances of this case, there was not a clear, explicit, and unequivocal agreement between the plaintiffs and the defendants to submit the instant dispute to arbitration (see Matter of Waldron [Goddess], 61 NY2d at 183-184; Messiah's Covenant Community Church v Weinbaum, 74 AD3d 916, 918).
The defendants' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the defendants' motion to compel arbitration and stay all proceedings in the action pending arbitration.
RIVERA, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court